COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Humphreys and Huff
Argued at Richmond, Virginia


ORLANDO RONDELL WILLIAMS
                                                                    OPINION BY
v.        Record No. 1031-11-2                        JUDGE ROBERT P. FRANK
                                                                    OCTOBER 23, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

Catherine French, Senior Appellate Coordinator (Virginia Indigent
Defense Commission, on brief), for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Orlando Rondell Williams, appellant, was convicted in a bench trial of possession of

ammunition for a firearm by a felon, in violation of Code § 18.2-308.2.[1]  On appeal, he

challenges the sufficiency of the evidence.  Specifically, appellant contends that the

Commonwealth's evidence failed, as a matter of law, to prove beyond a reasonable doubt that

the cartridges found on his person contained a propellant.  For the reasons stated, we affirm the

judgment of the trial court.

_____

[1] We note the sentencing order recites the offense as "concealment of a weapon by
convicted felon."  Other orders also referred to the charge as "concealment."  However, the
indictment charged that appellant did "unlawfully and feloniously, knowingly and intentionally
possess or transport ammunition for a firearm as defined in § 18.2-308.2(D) of the Code of
Virginia after having been convicted of a felony, in violation of §§ 18.2-308.2 of the Code of
Virginia (1950) as amended."  Appellant was arraigned and pled not guilty to possession of
ammunition for a firearm by a convicted felon.
        We remand solely for the purpose of correcting the various orders to reflect that he was
charged and convicted of possession, not concealment, of ammunition for a firearm by a felon.

BACKGROUND

On February 13, 2011, Richmond Police Officer Robert Kleinholz arrested appellant. While conducting a lawful search pursuant to that arrest, the officer discovered two bullets and two empty shell casings in appellant's coat.

At trial, Kleinholz qualified as an expert in the subject of firearms and ammunition. He identified the two bullets as a .357 Magnum in poor condition and a .32 Smith & Wesson in better condition. He described both bullets as "[t]wo complete bullets or pieces of ammunition," intended to be fired from guns.

On cross-examination, Officer Kleinholz stated he could not say with one hundred percent accuracy that the bullets contained gunpowder, but he said he would expect that they did have gunpowder inside them. Kleinholz did not scientifically test the bullets nor attempt to shoot them from a weapon.

On cross-examination, Kleinholz described a cartridge as follows:

A.      You have a primer of different sizes, depending on the type of casing. And so then you would have the brass casing normally, but they do make them in nickel. And then you have the bullet stuck on the end and usually you have a propellant of gunpowder. And that's what my training, and everything I've ever read, would suggest to me, although I've never personally assembled ammunition.

Q.      That's what's inside of a cartridge?

A.      Yes.

Q.      And two of those are complete cartridges?

A.      Yes.

The trial court, in denying appellant's motion to strike, found that, based on Kleinholz's expert testimony, it "would have to speculate to believe this bullet or the two bullets had no propellant inside."

At the hearing on appellant's motion to reconsider, the trial court pointed to the language in Code § 18.2-308.2(D) that used the word "or," rather than "and," in defining "ammunition for a firearm." The trial court concluded "there is still no law that states a propellant is necessary when the statute specifically says 'or propellant,' 'primer or propellant.'"

This appeal follows.

ANALYSIS

Appellant contends Code § 18.2-308.2(D) requires proof that the cartridge contains a propellant and that there is no proof of that element in this case. Appellant's sufficiency argument requires statutory interpretation.

Code § 18.2-308.2(A) prohibits any person convicted of a felony to knowingly and intentionally possess any firearm or ammunition for a firearm.

Code § 18.2-308.2(D) provides: "Ammunition for a firearm means the combination of a cartridge, projectile, primer, or propellant designed for use in a firearm other than an antique as defined in § 18.2-308.2:2."

Appellant only challenges the proof of whether the bullets contained a propellant. He does not argue that the evidence was not sufficient to prove a cartridge, projectile, or primer. Appellant contends that although the statutory language is disjunctive, i.e. "cartridge, projectile, primer *or* propellant," we must read the statute to be conjunctive, i.e. "and a projectile."

An issue of statutory interpretation is a pure question of law. Northern Virginia Real Estate v. Martins, 283 Va. 86, 102-03, 720 S.E.2d 121, 129 (2012).

While we acknowledge that "penal statutes are to be strictly construed against the Commonwealth, courts are nevertheless bound by the plain meaning of unambiguous statutory language and 'may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated.'" Gunn v. Commonwealth, 272 Va. 580, 587, 637

S.E.2d 324, 327 (2006) (citation omitted) (quoting Williams v. Commonwealth, 265 Va. 268,

271, 576 S.E.2d 468, 470 (2003)).

> Where bound by the plain meaning of the language used, we are not permitted "to add or to subtract the words used in the statute." Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918). This canon flows from the principle that "[w]e must . . . assume . . . the legislature chose, with care, the words it used when it enacted the relevant statute." Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). Because we assume the legislature carefully chose the words used, it is our duty "to give reasonable effect to every word." Jones v. Conwell, 227 Va. 176, 180-81, 314 S.E.2d 61, 64 (1984); Moyer v. Commonwealth, 33 Va. App. 8, 35, 531 S.E.2d 580, 593 (2000) (en banc). In giving reasonable effect to every word, we presume the legislature used the word in its ordinary sense in the absence of a specific, statutory definition.

Coles v. Commonwealth, 44 Va. App. 549, 557-58, 605 S.E.2d 784, 788 (2004) (other citation

omitted).

> Moreover, "[o]nly when a 'penal statute is unclear' do courts apply the rule of lenity and strictly construe the statute in the criminal defendant's favor." De'Armond v. Commonwealth, 51 Va. App. 26, 34, 654 S.E.2d 317, 321 (2007) (quoting Waldrop v. Commonwealth, 255 Va. 210, 214, 495 S.E.2d 822, 825 (1998)). "[T]he rule of lenity serves only to resolve genuine, plausible ambiguities and 'does not abrogate the well recognized canon that a statute . . . should be read and applied so as to accord with the purpose intended and attain the objects desired if that may be accomplished without doing harm to its language.'" Id. at 35, 624 S.E.2d at 321 (quoting Cartwright v. Commonwealth, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982)).

Chapman v. Commonwealth, 56 Va. App. 725, 732-33, 697 S.E.2d 20, 24 (2010); see also

De'Armond, 51 Va. App. at 35, 654 S.E.2d at 321 ("And the 'mere possibility of articulating a

narrower construction' does not by itself make the rule of lenity applicable. Nor can the rule be

'invoked by a grammatical possibility' that raises a manifestly 'implausible reading' of the

legislative purpose. . . . Despite the rule of lenity, 'courts are nevertheless bound by the plain

meaning of unambiguous statutory language and 'may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated.'" (citation omitted)).

In enacting Code § 18.2-308.2(D), the General Assembly chose to use the disjunctive "or," not the conjunctive "and." "'[T]he use of the disjunctive word "or," rather than the conjunctive "and," signifies the availability of alternative choices.'" Rose v. Commonwealth, 53 Va. App. 505, 514, 673 S.E.2d 489, 493 (2009) (quoting Lewis v. Commonwealth, 267 Va. 302, 314-15, 593 S.E.2d 220, 227 (2004)).

Here, the disjunctive term "or" separates the terms "primer" and "propellant," meaning that primer and propellant are alternate requirements of Code § 18.2-308.2(D)'s definition of "ammunition for a firearm," such that the Commonwealth need only prove a combination of any of those elements set forth in the statute.

Essentially, appellant asks this Court to substitute the word "and" for "or," claiming the definition of ammunition is ambiguous.

Code § 18.2-308.2 is penal in nature and therefore must be construed strictly against the Commonwealth. Any ambiguity or reasonable doubt as to its meaning must be resolved in appellant's favor. See Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979). However, this rule of statutory interpretation does not allow an appellate court to reword the plain meaning of the statute. "'[C]ourts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be applied. There can be no departure from the words used where the intention is clear.'" Supinger v. Stakes, 255 Va. 198, 206, 495 S.E.2d 813, 817 (1998) (quoting Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944)).

Nevertheless, appellant contends the literal acceptance of the word "or" in Code § 18.2-308.2(D) is ambiguous when considered with the body of law that establishes the requirements to prove what constitutes a firearm.

Appellant argues that Code § 18.2-308.2 is ambiguous because it is unclear from a reading of the entire statute whether ammunition must contain a propellant. In support of his argument, appellant cites USAA Casualty Ins. Co. v. Alexander, 248 Va. 185, 194, 445 S.E.2d 145, 150 (1994), in which the Supreme Court of Virginia held that because the provisions of Code § 38.2-2206(A) and (B), when read together, were ambiguous, they would interpret them under settled rules of statutory construction.

"[T]he province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation." Winston v. City of Richmond, 196 Va. 403, 407, 83 S.E.2d 728, 731 (1954). "Language is ambiguous when it may be understood in more than one way, or simultaneously refers to two or more things. If the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness, an ambiguity exists." Lee-Warren v. School Bd. of Cumberland County, 241 Va. 442, 445, 403 S.E.2d 691, 692 (1991).

Appellant also cites Armstrong v. Commonwealth, 263 Va. 573, 562 S.E.2d 139 (2002), to support his ambiguity argument. There, the Supreme Court of Virginia defined a firearm under Code § 18.2-308.2 as an "instrument which was designed, made, and intended to expel a projectile by means of an explosion. It is not necessary that the Commonwealth prove the instrument was 'operable,' 'capable' of being fired, or had the 'actual capacity to do serious harm.'" Id. at 584, 562 S.E.2d at 145. Appellant concludes from this definition that the cartridge must contain a propellant because without the propellant (gunpowder), the bullet cannot fire a projectile.

Appellant argues a reading of both Code § 18.2-308.2(A) and the definition of "firearm" provided in Armstrong implies that ammunition must contain a propellant, but that Code § 18.2-308.2(D) might suggest that propellant is not required.

Armstrong states that the General Assembly, in enacting Code § 18.2-308.2, determined that "certain individuals – felons – are unfit to possess firearms [including ammunition]." Id. at 582, 562 S.E.2d at 144. Thus, appellant argues, it is reasonable to infer that the legislature's concern was with the ability of felons to use dangerous weapons and that in order to be effectively used to make a firearm dangerous, a bullet must be capable of firing a projectile.

However, we read Armstrong to support the trial court's findings in this case. Armstrong only requires the firearm to be "designed, made, and intended to expel a projectile by means of an explosion." Id. The firearm need not be operable. Equally, Code § 18.2-308.2 defines "ammunition for a firearm" as the "combination of a cartridge, projectile, primer, or propellant designed for use in a firearm." Appellant's ambiguity argument is essentially that because the bullet has no propellant, it is incapable of being fired. This "operability" argument has been rejected by Armstrong and its progeny.

The definition of firearm in Armstrong and the language in Code § 18.2-308.2(D) emphasize the design of the firearm or ammunition. Appellant does not argue the bullets in question were not designed for use in a firearm. He merely argues that the evidence did not prove beyond a reasonable doubt that the bullets found in his coat contained a propellant.

Here, the unchallenged evidence is that the bullets consisted of a combination of a cartridge, projectile, and primer.

We are mindful of a rule of statutory construction that states: "[W]henever it is necessary to effectuate the obvious intention of the legislature, disjunctive words may be construed as conjunctive, and *vice versa*." South East Public Service Corp. v. Commonwealth, 165 Va. 116,

122, 181 S.E. 448, 450 (1935).  However, the Supreme Court of Virginia tempered that rule by stating that "[w]hen, *and only when*, necessary to effectuate the obvious intention of the legislature, conjunctive words may be construed as disjunctive, and *vice versa*."  Id. (emphasis added).  Thus, our inquiry is whether, in order to "effectuate the obvious intent of the legislature," we must substitute the conjunctive "and" for the disjunctive "or."  Id.

We must look to the intention of the legislature in enacting Code § 18.2-308.2.  The Supreme Court of Virginia has compared the conduct proscribed by Code § 18.2-308.2, which we have already discussed, with that of Code § 18.2-53.1, and opined:

> The purpose of Code § 18.2-53.1 . . . is [not only] to deter violent criminal conduct . . . but also . . . to discourage criminal conduct that produces fear of physical harm.  Such fear of harm results just as readily from employment of an instrument that gives the appearance of having a firing capability as from use of a weapon that actually has the capacity to shoot a projectile.  The victim of a crime can be intimidated as much by a revolver that does not fire bullets as by one that does.

Holloman v. Commonwealth, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980).

The legislature intended to keep firearms and ammunition out of the hands of felons.  Code § 18.2-308.2(D) requires the ammunition to be designed for use in a firearm.  Armstrong defines a firearm as "an instrument which was designed, made, or intended to expel a projectile by means of an explosion."  The emphasis in both definitions is the design, and not the operability, of the firearm or ammunition.

Clearly, a bullet designed for use in a firearm does not need to be operable, i.e. to be capable of firing a round by the use of a propellant.  If a bullet was so designed, one could remove the gunpowder, but the design would remain the same, and the bullet would still be governed by Code § 18.2-308.2(D).

We find nothing in the statute that indicates it was the "obvious intention of the legislature" that the disjunctive "or" was intended to mean "and."  To the contrary, such an

- 8 -

interpretation of the definition of ammunition, i.e. the inclusion of a propellant, makes operability a required element. To find such is contrary to Armstrong's definition of a firearm and contrary to the Code § 18.2-308.2(D) definition. Further, Officer Kleinholz testified, without objection, that a cartridge consists of a metal casing, a bullet, and usually a propellant of gunpowder. He described the two cartridges in evidence as complete cartridges. The trial court found, based on this testimony, it would have to speculate to believe the cartridges had no propellant inside. The officer's testimony supported the trial court's finding.[2]

We conclude the legislature intended that "or" should have its ordinary meaning, and we therefore may not construe this disjunctive term as the conjunctive "and."

## CONCLUSION

Appellant did not challenge the sufficiency of the evidence that the ammunition contained a combination of a cartridge, a projectile, and a primer. Therefore, because we find that proof is not necessary that the bullet also contained a propellant, we conclude the trial court did not err in convicting appellant of possession of ammunition for a firearm by a felon. We remand solely for correction of the clerical error, pursuant to Code § 8.01-428(B).

                                                            Affirmed and remanded.

---

[2] Officer Kleinholz did testify that he never test-fired or pulled open the cartridges. However, the weight to be given to the evidence is a question for the factfinder. Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964).