COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judge Kelsey and Senior Judge Bumgardner
Argued at Richmond, Virginia

UNPUBLISHED

CHRISTOPHER EUGENE JEFFERSON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2172-12-2                JUDGE RUDOLPH BUMGARDNER, III
                                                    OCTOBER 29, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

John M. Spencer (SMKC, PLC, on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Christopher Eugene Jefferson was charged and convicted of possession with intent to

distribute more than 100 kilograms of marijuana in violation of Code § 18.2-248(H)(4). He

maintains he was charged under the wrong statute and the evidence could not prove a violation

of the statute under which he was charged. We find no error, and affirm his conviction.

State police intercepted a suspicious shipment of two freezers from California to a

warehouse in Spotsylvania. The freezers contained over 100 kilograms of marijuana.[1]

Previously, nine large shipments had been made from the address in California to the warehouse

in Spotsylvania. The police permitted delivery of the pallets where the defendant picked them up

in his van. He was arrested shortly after leaving the warehouse.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The certificate of analysis stated the total weight of marijuana was 184,731 grams or
407.17 pounds.

The trial court found appellant guilty of possession with intent to distribute more than 100 kilograms of marijuana, in violation of Code § 18.2-248(H)(4), and sentenced him to life in prison, with all but twenty years suspended. On appeal the defendant contends he should have been charged under Code § 18.2-248.1, which specifically addresses marijuana, as opposed to Code § 18.2-248, which pertains to controlled substances.

The defendant argues that he cannot be convicted under Code § 18.2-248(H)(4) because that statute requires proof that he possessed a mixture of marijuana and another substance. The evidence proved he possessed pure marijuana and gave no suggestion of it being mixed with any other substance.

The plain wording of Code § 18.2-248(H)(4) refutes this assertion. The statute proscribes possession with intent to distribute "100 kilograms or more of a *mixture or substance* containing a detectable amount of marijuana." (Emphasis added). Marijuana is a substance; pure marijuana by definition contains marijuana.

"While we acknowledge that 'penal statutes are to be strictly construed against the Commonwealth, courts are nevertheless bound by the plain meaning of unambiguous statutory language . . . .'" Williams v. Commonwealth, 61 Va. App. 1, 6-7, 733 S.E.2d 124, 126 (2012) (quoting Gunn v. Commonwealth, 272 Va. 580, 587, 637 S.E.2d 324, 327 (2006)). "[A] statute should never be construed so that it leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). Consequently, "where a particular construction of a statute will result in an absurdity, some other reasonable construction which will not produce the absurdity will be found." Miller v. Commonwealth, 180 Va. 36, 41, 21 S.E.2d 721, 723 (1942).

The evidence proved the defendant possessed with intent to distribute more than 100 kilograms of marijuana, which is a violation of Code § 18.2-248(H)(4).  Accordingly, we affirm his conviction.

<u>Affirmed.</u>