COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and White
Argued at Richmond, Virginia

CRAIG CARNELL MARYLAND

v.      Record No. 0254-22-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE KIMBERLEY SLAYTON WHITE
SEPTEMBER 20, 2022

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Claire G. Cardwell, Judge

Maureen L. White for appellant.

Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

The trial court convicted Craig Carnell Maryland following his guilty pleas, and under a

written agreement, to a reduced charge of voluntary manslaughter and a charge of shooting in the

commission of a felony. The trial court sentenced Maryland to ten years of imprisonment with

five years and seven months suspended for voluntary manslaughter, and to five years of

imprisonment, all suspended, for the firearm offense. At the sentencing hearing, Maryland asked

the trial court, under Code § 53.1-187, to credit the time he had spent on pre-trial bond in the

home electronic monitoring program against his sentence. The trial court denied Maryland's

motion. We find that the plain meaning of Code § 53.1-187 supports the trial court's ruling and

affirm the judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v.*

*Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).

A grand jury in the City of Richmond indicted Maryland for first-degree murder and using a firearm in the commission of murder. At a September 30, 2020 hearing, the trial court granted him a personal recognizance bond in the amount of $10,000 and ordered that he be placed on home electronic monitoring upon release.[1] By the terms of the trial court's order, Maryland was permitted to "travel to [p]retrial, attorney's office, and court hearings." The record does not reflect precisely when Maryland was released on bail, but a trial court order of December 10, 2020, states that he was "allowed to depart and remain on bond pending the next court appearance."

On October 1, 2021, in accordance with a written plea agreement, Maryland pled guilty to voluntary manslaughter and shooting a firearm in the commission of a felony. At the sentencing hearing, Maryland asked the trial court, under Code § 53.1-187, to credit against his sentence the time he had spent on home electronic monitoring pending trial. He argued that under this Court's ruling in *King v. Commonwealth*, 73 Va. App. 349, 352 (2021), he was "in custody" while he participated in the pretrial home electronic monitoring program. The trial court took the motion under advisement and sentenced Maryland to fifteen years of imprisonment with ten years and seven months suspended.

The trial court subsequently denied Maryland's motion for credit against his sentence. The trial court found that the definition of "custody" in *King* "is not synonymous with 'confinement' in Virginia Code § 53.1-187, especially when the clear language of the statute states that '*in no case* is a person on bail to be regarded as in confinement for purposes of this

_____

[1] Appellant's counsel, on brief, admits that Maryland was not released on a home/electronic incarceration program established pursuant to Code § 53.1-131.2.

statute.'"  The trial court found that Maryland had been admitted to bail and thus was not "confined" under the express terms of Code § 53.1-187.  This appeal followed.

ANALYSIS

Maryland argues that the trial court erred by not crediting his time spent on pretrial home electronic monitoring against his sentence under Code § 53.1-187.  As relevant here, Code § 53.1-187 provides:

> Any person who is sentenced to a term of confinement in a correctional facility shall have deducted from any such term all time actually spent by the person in a . . . state or local correctional facility awaiting trial or pending an appeal . . . .
>
> In no case shall a person be allowed credit for time not actually spent in confinement or in detention.  In no case is a person on bail to be regarded as in confinement for the purposes of this statute.

Statutory construction presents a question of law that the appellate court reviews *de novo*.  *Sorrell v. Commonwealth*, 74 Va. App. 243, 246 (2022).  Although criminal statutes are to be strictly construed against the Commonwealth, we must also "give reasonable effect to the words used" in the legislation.  *Johnson v. Commonwealth*, 37 Va. App. 634, 639 (2002) (quoting *Dillard v. Commonwealth*, 28 Va. App. 340, 344 (1998)).  When interpreting a statute, an appellate court "presume[s] that the General Assembly chose, with care, the words that appear in [that] statute, and must apply the statute in a manner faithful to that choice."  *Jones v. Commonwealth*, 296 Va. 412, 415 (2018) (quoting *Johnson v. Commonwealth*, 292 Va. 738, 742 (2016)).  "Once the legislature has acted, the role of the judiciary 'is the narrow one of determining what [the legislature] meant by the words it used in the statute [under review].'"  *Chapman v. Commonwealth*, 56 Va. App. 725, 732 (2010) (first alteration in original) (quoting *Dionne v. Se. Foam Converting & Packaging, Inc.*, 240 Va. 297, 304 (1990)).

"When [statutory] language . . . is unambiguous, [the appellate court is] bound by its plain meaning."  *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020) (quoting *Conyers v. Martial

- 3 -

*Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)). "When an enactment is clear and unequivocal, general rules for construction of statutes . . . do not apply. Therefore, when the language of an enactment is free from ambiguity, resort to legislative history and extrinsic facts is not permitted . . . ." *Brown v. Commonwealth*, 284 Va. 538, 543 (2012) (quoting *Brown v. Lukhard*, 229 Va. 316, 321 (1985)).

The language in Code § 53.1-187 is clear, unambiguous, and does not permit credit for time "not actually spent in confinement or in detention." Code § 53.1-187 states that "*[i]n no case* is a person on bail to be regarded as in confinement for the purposes of this statute." (Emphasis added). "The word 'confine' is defined as 'the state of being imprisoned or restrained.'" *Bing v. Haywood*, 283 Va. 381, 387 (2012) (quoting *Black's Law Dictionary* 318 (9th ed. 2009)). Thus, Code § 53.1-187 grants a trial court no authority to grant credit against a sentence for the time a defendant was admitted to pretrial bail and was not actually confined.[2]

The General Assembly could have created an exception in Code § 53.1-187 to permit credit for time spent in a home incarceration program, but it has not. Appellate courts "are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be applied. There can be no departure from the words used where the intention is clear." *Williams v. Commonwealth*, 61 Va. App. 1, 8 (2012) (quoting *Supinger v. Stakes*, 255 Va. 198, 206 (1998)).

There was no dispute in this case that Maryland, though subject to the conditions of the home electronic monitoring program, was admitted to bail while awaiting trial. Nor was there dispute that Maryland was not "actually . . . in a . . . state or local correctional facility" during the relevant period of time. Code § 53.1-187. Thus, applying the plain meaning of Code

---

[2] Neither at his sentencing hearing nor on appeal has Maryland addressed that Code § 53.1-131.2 grants no authority to a trial court to allow a defendant convicted of voluntary manslaughter to serve any portion of his sentence on home electronic monitoring.

§ 53.1-187, he was not "confined" while on the home electronic monitoring program, and was not entitled to credit against his sentence for the time he was on bail.

This Court's holding in *King*, the case relied upon by Maryland, does not alter our conclusion. In *King*, the defendant was admitted to a "home incarceration program" through the local sheriff's department to serve a portion of his sentence for his conviction of possessing ammunition after conviction of a felony. 73 Va. App. at 352. As a condition of that program, he was not allowed to remove the GPS ankle monitor that tracked his movements and was permitted to travel from his home only to and from work. *Id.* After the defendant removed the monitor and absconded, the police charged him with felony escape under Code § 18.2-479(B), which applies to any person who is charged or convicted of a felony and "in the custody of any court, officer of the court, or of any law-enforcement officer." *Id.* at 353. This Court affirmed the defendant's conviction under Code § 18.2-479(B) and concluded that he remained "in custody" while participating in the post-sentencing home incarceration program because his "freedom of movement was curtailed to a degree associated with incarceration at a jail or prison." *Id.* at 354.

Patently, the holding in *King* applied to circumstances constituting "custody" under Code § 18.2-479, which was not defined by that statute. The interpretation of "custody" in *King* pertained to the crime prescribed by Code § 18.2-479, namely escape from lawful custody, and not "confinement" for purposes of Code § 53.1-187. The trial court in this case correctly concluded that the definition of "custody" under Code § 18.2-479, as construed in *King*, was not synonymous with actual "confinement" as stated in Code § 53.1-187.

CONCLUSION

For the foregoing reasons, we find that the trial court did not err in refusing to grant Maryland credit against his sentence for time spent on bail and in home electronic monitoring, and we affirm the judgment. However, the conviction and final sentencing orders erroneously

reflect that appellant was found guilty of *use* of a firearm in the commission of a felony in violation of Code § 18.2-53.[3] The record, although, reflects that appellant pled guilty to and was convicted of *shooting* in the commission of a felony in violation of Code § 18.2-53. Accordingly, we remand this case to the trial court for the sole purpose of amending those orders to reflect that appellant was found guilty of shooting in the commission of a felony.

*Affirmed and remanded.*

---

[3] Maryland was indicted for violating Code § 18.2-53.1. While the conviction and sentencing orders correctly reflect the code section under which Maryland was actually convicted (Code § 18.2-53), they do not correctly reflect the language used in the code section under which he was convicted.