COURT OF APPEALS OF VIRGINIA

Present:    Judges O'Brien, Lorish and Senior Judge Annunziata

**PUBLISHED**

W. ROY TUTHILL

                                                            OPINION BY
v.       Record No. 0064-22-4                  JUDGE MARY GRACE O'BRIEN
                                                            OCTOBER 4, 2022
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Carroll A. Weimer, Jr., Judge

(W. Roy Tuthill, on brief), *pro se*.  Appellant submitting on brief.

(Amy Ashworth, Commonwealth's Attorney; Kimberly A.
Hackbarth, Assistant Commonwealth's Attorney, on brief), for
appellee.  Appellee submitting on brief.

W. Roy Tuthill ("appellant") appeals the denial of his petition to remove his name and

identifying information from the Virginia Sex Offender Registry pursuant to Code § 9.1-910.  For

the following reasons, we affirm the court's ruling.

The material facts are uncontroverted.  In September 2001, appellant pled guilty to two

counts of crimes against nature, in violation of Code § 18.2-361.  The two offenses occurred on the

same day.  The nature of appellant's convictions required him to register on the Virginia Sex

Offender Registry, which he did.  *See* Code § 9.1-902(A).  He complied with all requirements to

verify his registration information, in accordance with Code § 9.1-904, for more than fifteen years.

In September 2021, appellant petitioned the circuit court to remove his name and information from

the registry, based on Code §§ 19.2-908 and -910.

In his petition, appellant stated that he successfully completed probation, including

court-ordered sex offender treatment, and had no criminal record other than his two convictions

from September 2001.  He also attached a letter from his former sex offender counselor, who

verified appellant's successful completion of treatment and noted that he was "hard[-]working in treatment" and "[took] full responsibility for his actions."

In the Commonwealth's answer, it agreed that appellant would be "a good candidate for removal," if eligible, but opposed the petition because appellant's convictions for two offenses that required registration made him ineligible for removal from the registry under Code § 9.1-910. After a hearing, the court found that appellant did not meet the statute's eligibility requirements for removal and denied his petition.

We review a court's statutory interpretation *de novo* on appeal. *Bennett v. Commonwealth*, 60 Va. App. 656, 665 (2012). The Sex Offender and Crimes Against Minors Registry Act, Code §§ 9.1-900 to -923, "tiers" sex offenders based on the seriousness of their offense and makes eligibility for removal from the registry contingent on the offender's tier. *See* Code § 9.1-902(A) (categorizing offenses into Tiers I, II, and III); Code § 9.1-910(A) (defining eligibility for removal from the registry according to tier). Appellant's two convictions for violations of Code § 18.2-361 are each classified as a Tier I offense. *See* Code § 9.1-902(A).

Code § 9.1-908 governs the duration of registration requirements, stating that a sex offender required to register must continue to do so "until the duty to register, reregister, or verify his registration information is terminated by a court order as set forth in [Code] § 9.1-910." The statute further specifies that "any Tier III offense" requires lifetime registration. Code § 9.1-908.

Code § 9.1-910 addresses eligibility for removal as follows:

> Any person required to register, *other than a person who has been convicted of* any (i) Tier III offense, [or] (ii) *two or more offenses for which registration is required* . . . may petition the circuit court . . . for removal of his name and all identifying information from the Registry. A person who is required to register for a *single Tier I offense* may petition the court no earlier than [fifteen] years from . . . the date of initial registration . . . .

Code § 9.1-910(A) (emphasis added).

Thus, Code § 9.1-910(A) not only reiterates that Tier III offenders are never eligible for removal from the registry but also excludes individuals "convicted of . . . two or more offenses for which registration is required"—that is, individuals like appellant who have been convicted of two Tier I offenses. *See* Code § 9.1-910(A)(i), (ii); *see also* Code § 9.1-902(A). The statute also refers specifically to individuals with a "single Tier I offense" and allows them to petition for removal after fifteen years. Code § 9.1-910(A).

Appellant asserts that although he was convicted of two counts of a Tier I offense, those two counts stem from a "single incident that began and ended within the course of [five] minutes," so his convictions should be viewed as a single offense for purposes of the removal statute. Essentially, he argues that Code § 9.1-910(A)(ii) would only render him ineligible if his two offenses requiring registration occurred at two distinctly different times.

Appellant directs us to language in Code § 9.1-902 defining Tier III offenses for which lifetime registration is required. Specifically, he notes that certain offenses are only categorized as Tier III "if the person has been convicted or adjudicated delinquent of any two or more such offenses, provided that person had been at liberty between such convictions or adjudications." Code § 9.1-902(A).

Appellant asks us to read the same requirement into the provisions for removal from the registry in Code § 9.1-910(A)(ii), which precludes removal for persons who have been convicted of "two or more offenses for which registration is required." He also asks us to disregard the language limiting removal eligibility to a person who has been convicted of a "single Tier I offense." Code § 9.1-910(A).

"In interpreting [a] statute, 'courts apply the plain meaning . . . unless the terms are ambiguous or applying the plain language would lead to an absurd result.'" *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020) (alterations in original) (quoting *Baker v. Commonwealth*,

- 3 -

284 Va. 572, 576 (2012)).  No ambiguity exists in the language of Code § 9.1-910(A), and therefore we apply its plain meaning.  *See id.*  The plain meaning of the statutory language requires anyone convicted of multiple Tier I offenses to remain on the registry, regardless of the temporal proximity of the crimes.  Code § 9.1-910(A).  *See Williams v. Commonwealth*, 61 Va. App. 1, 7 (2012) ("Where bound by the plain meaning of the language used, we are not permitted 'to add or to subtract the words used in the statute.'" (quoting *Coles v. Commonwealth*, 44 Va. App. 549, 557 (2004))).

Appellant relies on the purpose of the registry, "to protect . . . communities and families from *repeat offenders* and to protect children from becoming victims of criminal offenders by helping to prevent such individuals from being allowed to work directly with children."  Code § 9.1-900 (emphasis added).  Appellant contends that "repeat offenders" can only be those who fit the language in Code § 9.1-902 categorizing some offenses as Tier III if the individual "had been at liberty" between multiple commissions.  He argues that he was not a "repeat offender" because his crimes occurred on the same day.

We note that although the General Assembly included the language "had been at liberty" in Code § 9.1-902(A) when classifying certain repeat offenses as Tier III, it omitted that language from Code § 9.1-910(A)(ii), which disallows removal for repeat Tier I offenses.  "[W]hen the General Assembly includes specific language in one . . . statute, but omits that language from another . . . statute, [courts] must presume that the exclusion of the language was intentional."  *Brown v. Commonwealth*, 284 Va. 538, 545 (2012) (alterations in original) (quoting *Halifax Corp. v. Wachovia Bank*, 268 Va. 641, 654 (2004)).  "It must be presumed that the legislature acted deliberately in using different language in similar statutes, and that judgment should be respected by the courts."  *Id.*

The statutes do not give trial courts discretion to determine eligibility to petition for removal from the registry. *Cf. Esposito v. Va. State Police*, 74 Va. App. 130, 135-37 (2022) (describing the mandatory procedure in Code § 9.1-910 and holding that the state police also lack discretion to remove an offender from the registry). For Tier I offenders, only someone convicted of a "single" offense "may petition the court no earlier than [fifteen] years from . . . the date of initial registration." Code § 9.1-910(A). The language of the statute is unambiguous and plain. Although appellant wants this Court to insert a time-passage requirement between convictions, no such language appears in the subsection disallowing removal when a person has been convicted of "two or more offenses for which registration is required." *See* Code § 9.1-910(A)(ii). We must presume the absence of qualifying language was intentional and not an oversight. *See Brown*, 284 Va. at 545. Accordingly, it does not matter when the repeat offenses occurred, only that they occurred. Because appellant was convicted of two Tier I offenses, he was ineligible to petition for removal of his name from the registry, and we affirm the court's ruling.

*Affirmed.*