COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Chaney and Lorish
Argued at Virginia Beach, Virginia

UNPUBLISHED

DARONE CORTOIN OWENS

v.      Record No. 1055-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE VERNIDA R. CHANEY
OCTOBER 11, 2022

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Christopher Papile, Judge

(Joshua A. Goff; Goff Voltin, PLLC, on brief), for appellant.
Appellant submitting on brief.

Robin M. Nagel, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Following a jury trial in the Circuit Court of the City of Newport News ("trial court"),

Darone Cortoin Owens ("Owens") was convicted of malicious wounding, in violation of Code

§ 18.2-51, and use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1.  On

appeal, Owens contends that the evidence is insufficient to support his convictions.  Additionally,

Owens argues that the trial court abused its discretion by admitting a purportedly irrelevant

photograph of him.  For the following reasons, this Court affirms the convictions.

I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v.*

*Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381

(2016)).  This Court "regard[s] as true all the credible evidence favorable to the Commonwealth

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and all fair inferences to be drawn therefrom." *Id.* at 473 (quoting *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015)).

On December 18, 2016, around 6:00 p.m., Goldie Clinton ("Goldie") and his cousin Shawn Clinton ("Shawn") noticed two young African-American males walking near Shawn's apartment building in Newport News. When Goldie called Shawn's attention to the unknown males, one of the males pulled a pistol from his pocket and shot Goldie in the groin. When Goldie yelled out, both males shot at him and missed. Then both males shot at Shawn, fatally shooting him in the head and chest. Goldie hid behind a dumpster in the parking lot and then fled across the street to a convenience store to seek help. Goldie was taken to the hospital for medical treatment.

Goldie did not know the two shooters and had never seen them before that day. Goldie testified that minutes before the shooting, he got a good look at the person who subsequently shot him when he observed the person walk up to Shawn's apartment door and when he walked past him "shoulder to shoulder on the sidewalk." Goldie got a good look at both shooters when he observed them talking nearby for about thirty minutes before the shooting.

Goldie testified that he also got a good look at the shooter at the time of the shooting when the shooter was directly in front of him, twenty feet away. According to Goldie's testimony, the person who shot him "was exactly the same person that [he had] seen earlier that [he] passed on the sidewalk [and] that was standing at Shawn's door." Goldie testified that the person who shot him was an African-American male wearing a blue jacket with the hood pulled tightly around his face and "a bush of curly hair coming out the front."

Almost a year after the shooting, while Goldie was viewing Facebook, he saw a picture of the person who shot him. Goldie promptly called the lead detective on the case and informed her about the shooter's picture on Facebook. The next day, Goldie met with the detective at the police station and identified the shooter in a photo lineup. The shooter's picture was the same picture that

Goldie had seen on Facebook. At trial, Goldie recognized and identified Owens as the person who shot him.

Over Owens' objection at trial, the trial court admitted into evidence a photograph showing Owens wearing a blue jacket with a hood. Owens argued that there was no foundation establishing that it was "relevant to any material fact in this case."[1] The Commonwealth responded that the photograph was relevant because Goldie had testified that the shooter wore a blue jacket with a hood, and the photograph showed Owens wearing a blue jacket with a hood. Although the trial court overruled Owens' objection to admission of the photograph, the trial court granted Owens' request to redact the date from the photograph.

Goldie acknowledged at trial that he was currently serving a prison sentence. Goldie further testified that he was a convicted felon with seven felony convictions. At the time of the shooting, Goldie was participating in a drug court program.

After the Commonwealth rested, Owens moved to strike the evidence, arguing that Goldie's multiple identifications of Owens were insufficient to prove that Owens was the shooter, given that Goldie did not know Owens and did not identify him for almost a year after the shooting. The trial court overruled the motion, and the defense rested without presenting evidence.

During its closing argument, the Commonwealth focused on Goldie's multiple identifications of Owens as the shooter, but also noted that the jury would have "a picture of [Owens] wearing a blue jacket with a hood." During Owens' closing argument, defense counsel asserted that the jury should not credit Goldie's multiple identifications of Owens as the shooter, given that Goldie first identified him almost a year after the shooting based on a picture Goldie saw on social media. Defense counsel then addressed the photograph, asserting that while the jacket Owens wore in the photograph was "distinctive," Goldie merely described the shooter's jacket as

---

[1] Owens did not contest that he was the person shown in the photograph.

blue. Defense counsel contended that if the Commonwealth believed that the jacket shown in the picture was the same jacket the shooter wore, the Commonwealth would have asked Goldie to identify the jacket on the stand. Rather, the Commonwealth "manage[d] to find a picture of . . . Owens wearing something blue." Accordingly, defense counsel argued that the picture "corroborated nothing of what Goldie Clinton testified to."

The jury convicted Owens of malicious wounding and use of a firearm in the commission of a felony but acquitted him of murdering Shawn. Owens moved to set aside the verdict, arguing that the jury's decision to acquit him of second-degree murder demonstrated that the jury did not believe beyond a reasonable doubt that he was the shooter, but the trial court upheld the jury's verdict. This appeal followed.

II. ANALYSIS

A. Sufficiency of the Evidence

Owens asserts that the evidence is insufficient because Goldie's testimony identifying him as the shooter is the only evidence linking him to the shooting. Owens also asserts that no reasonable trier of fact could credit this testimony because Goldie was not acquainted with Owens and first identified Owens almost a year after the shooting. We disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a

- 4 -

reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). "Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." *Vay v. Commonwealth*, 67 Va. App. 236, 242 (2017) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 629 (2009)).

Goldie testified that he clearly saw the shooter's face and was able to identify Owens as the shooter when he saw Owens' picture on social media, when he selected Owens' picture from a photo lineup, and when he saw Owens in person at trial. The jury observed Goldie's testimony, considered Owens' arguments as to why Goldie's multiple identifications of Owens were unreliable, and ultimately credited these identifications. "Determining the credibility of witnesses . . . is within the exclusive province of the [finder of fact], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "When 'credibility issues have been resolved by the [fact-finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)). Owens has not shown that the jury's findings are plainly wrong or without evidence to support them, and those findings were sufficient to convict Owens as the shooter. *See Satcher v. Commonwealth*, 244 Va. 220, 252-54 (1992) (witness identification evidence sufficient to sustain conviction); *Chavez*, 69 Va. App. at 161 (convictions supported by evidence are not overturned even if the reviewing court might have reached a different result).

Owens also contends—as he did in his post-trial motion to set aside the verdict—that the jury's decision to acquit him of murdering Shawn demonstrates that the evidence was insufficient to prove beyond a reasonable doubt that he shot Goldie. Owens argues that by acquitting him of Shawn's murder, the jury must necessarily have found that the evidence—Goldie's identification of Owens as one of two shooters responsible for shooting him and Shawn that evening—was insufficient to prove that Owens was one of the two shooters beyond a reasonable doubt. Indeed, under the facts of this case, if the jury had found beyond a reasonable doubt that Owens was one of the two shooters who shot at Goldie and Shawn, Owens would have been legally responsible for Shawn's murder. However, Owens' reliance on this jury's acquittal on the murder charge is unavailing because our sufficiency analysis is not a subjective standard based on the findings made by a particular jury. Rather, it is an objective standard focused on what a rational jury *could have found* based on the evidence viewed in the light most favorable to the Commonwealth. *See Vasquez*, 291 Va. at 248. Applying that standard, the evidence that Goldie identified Owens as the person who shot him was sufficient to support Owens' convictions.

## B. Admission of the Photograph

Owens further contends that the trial court erred in admitting the photograph of him wearing a hooded blue jacket. Owens argues that this photograph was not relevant to any material issue in the case and that the Commonwealth failed to establish the requisite foundation for its relevance. We review a trial court's evidentiary rulings under a deferential abuse-of-discretion standard. *See Fields v. Commonwealth*, 73 Va. App. 652, 672 (2021). "A court can abuse its discretion in three ways: (1) by failing to consider a relevant factor that should have been given significant weight, (2) by considering and giving significant weight to an irrelevant or improper factor," and (3) by committing a clear error of judgment while weighing

- 6 -

all proper factors.  *See id.* (citing *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013)).  This Court will not find an abuse of discretion in an evidentiary ruling unless we find that no reasonable jurist would have so ruled.  *See Hicks v. Commonwealth*, 71 Va. App. 255, 270 (2019).

"The proponent of the evidence bears the burden of establishing . . . the facts necessary to support its admissibility." *Church v. Commonwealth*, 71 Va. App. 107, 122 (2019) (quoting *Perry v. Commonwealth*, 61 Va. App. 502, 509 (2013)).  However, once the proponent satisfies this threshold, "any gaps in the evidence" go to the jury's "assessment of its weight rather than its admissibility." *Id.* at 122-23.

"Generally, '[a]ll relevant evidence is admissible' unless provided otherwise by other rules." *Jones v. Commonwealth*, 71 Va. App. 70, 88 (2019) (quoting Va. R. Evid. 2:402).  "[R]elevance typically presents a low barrier to admissibility." *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003).  Evidence is relevant if it has "any tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence." Va. R. Evid. 2:401.  "The scope of relevant evidence in Virginia is quite broad, as '[e]very fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue is relevant.'" *Commonwealth v. Proffitt*, 292 Va. 626, 634 (2016) (quoting *Virginia Elec. & Power Co. v. Dungee*, 258 Va. 235, 260 (1999)).  Indeed, "[e]vidence is relevant if it has *any* logical tendency, *however slight*, to establish a fact at issue in the case." *Cousins v. Commonwealth*, 56 Va. App. 257, 271 (2010) (emphasis added) (quoting *Ragland v. Commonwealth*, 16 Va. App. 913, 918 (1993)).

Owens does not dispute that the shooter's identity is a fact-in-issue.  Goldie testified that the shooter was a light-skinned Black male wearing a hooded blue jacket.  To establish that the photograph at issue was relevant to this testimony, the Commonwealth proffered to the trial court

that it was a photograph of Owens depicting "a lighter-skinned Black male wearing a blue jacket with a hood." Owens argues on appeal that this proffered foundation was insufficient to establish the photograph's relevance because the Commonwealth failed to establish when the photograph was taken and that it was taken on or near the date of the shooting.[2] This Court concludes that these gaps in the evidence go to the weight of the photographic evidence, not to its admissibility. *See Church*, 71 Va. App. at 122-23. Had there been evidence that Owens never wore clothing describable as a hooded blue jacket, such evidence would be relevant because it would tend to decrease the probability that Owens was the shooter in the hooded blue jacket. Similarly, the photograph of Owens wearing a hooded blue jacket is relevant because proof that Owens at some point wore a hooded blue jacket increases the probability—however slightly—that Owens was the shooter in the hooded blue jacket. *See Walker v. Commonwealth*, 258 Va. 54, 68 (1999) ("Every fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue, is factually relevant and admissible." (citing *Epperly v. Commonwealth*, 224 Va. 214, 230 (1982))).[3]

---

[2] Owens also argues on appeal that (i) the Commonwealth's proffered foundation was insufficient to establish the photograph's relevance because the Commonwealth failed to establish when the photograph was posted on social media and when the investigating officer retrieved the photograph from social media; (ii) Goldie's description of the shooter's clothing was extremely vague; and (iii) Goldie did not identify Owens' outfit in the photograph as the same outfit he saw on the day of the shooting. However, Owens did not raise these arguments in the trial court. Therefore, this Court will not consider these arguments on appeal. *See* Rule 5A:18.

[3] In support of its conclusion that the photograph of Owens is not relevant, the concurrence attempts to distinguish the facts in *Walker* and *Epperly* from the instant case. However, there is no basis for limiting the holdings in those cases to their facts. Even if the fact that Owens wore a hooded blue jacket is more remote, less significant, and has less tendency to prove a fact-in-issue than the evidence at issue in *Walker* and *Epperly*, this does not render the photograph of Owens irrelevant. Some relevant evidence may be so remote or so insignificant that its slight probative value is outweighed by its prejudicial effect, but Owens did not object to the photograph on these grounds.

The concurrence acknowledges that the standard for relevant evidence is low, but contends that the photograph at issue is not relevant because it has no "tendency to demonstrate that Owens was the shooter."[4] The concurrence arrives at this result by (i) recharacterizing the photograph as showing Owens in a "dark-colored camouflage coat[] with [a] hood[]" and (ii) arguing that this description "at best, marginally matches Goldie's very generic description of a 'blue jacket with a hood.'" But Owens' relevance objection in the trial court did not include any alleged discrepancy between the hooded blue jacket described by Goldie and the garment depicted in the photograph. Nor did Owens argue to the trial court that a garment described as a "blue jacket with a hood" was so generic that it was irrelevant that Owens was photographed wearing a garment that matched that description. Owens' sole objection at trial was that the photograph was not relevant because its creation date was unknown.

Although uncertainty about the timing of the photograph decreases the photograph's slight effect on the probability that Owens was the shooter in the hooded blue jacket, such uncertainty does not render the photograph irrelevant to this fact-in-issue. Because the photograph of Owens is relevant and Owens did not object that its admission was more prejudicial than probative, the trial court did not abuse its discretion in admitting the photograph.

III. CONCLUSION

For the foregoing reasons, this Court affirms Owens' convictions for malicious wounding and use of a firearm in the commission of a felony.

*Affirmed.*

---

[4] Although the concurrence would hold that the photograph is not relevant, the concurrence contends that any error in admitting the photograph was harmless. At oral argument, the Commonwealth conceded that if the admission of the photograph was error, it was not harmless error.

Lorish, J., concurring in the judgment.

I join the majority in affirming the conviction below, but I write separately with respect to the assignment of error challenging the trial court's decision to admit the undated photograph of Owens into evidence. Relevant evidence is "evidence having any tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence." Va. R. Evid. 2:401. This standard is low, as the phrase "any tendency" necessarily suggests, and as our caselaw confirms.

Sergeant Comer testified at trial that he found the photograph in question on Owens's public Facebook page. He further testified that he recognized the person on the right as Owens and he also identified the person on the left (a man not otherwise mentioned at trial). In the photograph, this other man is "flipping off" the camera with both hands. Both Owens and the other man are wearing matching dark-colored camouflage coats with hoods.



The majority opinion concludes the photograph was relevant because the victim, Goldie, testified that the shooter wore "a blue jacket with a hood." Goldie did not testify that he recognized the jacket in the photograph as the one the shooter was wearing, or that this was the image he saw on Facebook (almost a year later) that led him to identify Owens as the shooter in the first place. Nor did the Commonwealth make these arguments.

Even under the lowest relevancy bar, I have difficulty concluding that the evidence presented here—that Owens, at some point in his life, wore a piece of clothing that, at best, marginally matches Goldie's very generic description of a "blue jacket with a hood"—has any tendency to demonstrate that Owens was the shooter.[5] Rather than stretch the notion of relevance so thin that it disappears entirely, I would find that any error in admitting the evidence was harmless.[6]

Where no constitutional issue is raised, the court "determine[s] whether there has been a fair trial on the merits and whether substantial justice has been reached" by deciding "whether the alleged error substantially influenced the jury." *Commonwealth v. Kilpatrick*, ___ Va. ___,

---

[5] At trial, Owens argued that the photograph should not be admitted because it lacked a date and also because there was insufficient evidence it was "relevant to any material fact in this case" and did not "make it more or less likely that Darone Owens committed any of these four offenses." The majority cites two cases for the proposition that "[e]very fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue, is factually relevant and admissible." Both are easily distinguished. In *Walker v. Commonwealth*, 258 Va. 54, 68 (1999), the language quoted by the majority relates to the admission of a cartridge that came *from the same firearm* as seven cartridge cases recovered at the scene of a murder, where the cartridge was found *only three to four months* after the murder. Similarly unpersuasive is *Epperly v. Commonwealth*, 224 Va. 214, 230 (1982), which affirmed that evidence of the victim's "good character and peaceable nature" was relevant to demonstrate the unlikelihood that the victim "would take her own life, flee, or fall victim to accidental death because of some dangerous habit or practice."

[6] The Commonwealth "conceded" at argument that an error in admitting the photograph would not be harmless. But because we are not bound by a party's concession of law, *see Butcher v. Commonwealth*, 298 Va. 393 (2020), this remark only reflects the very limited evidence the Commonwealth introduced to prove that Owens was the shooter here—indeed the only other evidence was Goldie's eyewitness identification.

___ (Aug. 4, 2022) (alteration in original) (quoting *Haas v. Commonwealth*, 299 Va. 465, 467 (2021)). "If it did not, the error is harmless." *Id.* at ___. We must consider "the potential effect of the excluded evidence in light of all the evidence that was presented to the jury." *Id.* at ___.

Here, the jury was presented with the victim's live testimony identifying Owens in the courtroom as the shooter. The victim also previously identified Owens in a photo lineup. It is worth noting that "there is almost *nothing more convincing* than a live human being who takes the stand, points a finger at the defendant, and says 'That's the one!'" *Watkins v. Sowders*, 449 U.S. 341, 352 (1981) (Brennan, J., dissenting) (quoting E. Loftus, *Eyewitness Testimony* 19 (1979)). And it is "[b]ecause eyewitness identification is so persuasive to jurors" that "eyewitness '[m]isidentification is widely recognized as the single greatest cause of wrongful convictions in this country.'" *Watson v. Commonwealth*, 298 Va. 197, 209 (2019) (quoting *State v. Henderson*, 27 A.3d 872, 885 (N.J. 2011) (alteration in original)). Indeed, I have previously detailed the due process concerns inherent to suggestive witness identifications. *See, e.g.*, *Walker v. Commonwealth*, 74 Va. App. 475, 508-30 (2022) (Lorish, J., concurring in part and dissenting in part). But on appeal, Owens has not raised any challenge to Goldie's identification of him as the shooter. Given the singular persuasiveness of eyewitness testimony, I must conclude the error in admitting the photograph was harmless under our precedent.[7]

---

[7] *See, e.g.*, *Satcher v. Commonwealth*, 244 Va. 220, 256 (1992) ("While other evidence support[ed] all the convictions in this case, [a victim's] in-court identification of [the defendant] was sufficient alone to establish him as her assailant."); *Henry v. Commonwealth*, 211 Va. 48, 52 (1970) ("If the jury accepted [the in-court identifications], which it did in fact accept, the jury was warranted in finding Henry guilty.").