PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

ANDY CHAVEZ

                                                         OPINION BY
v.        Record No. 1189-17-4            JUDGE MARY BENNETT MALVEAUX
                                                   AUGUST 14, 2018

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Nolan B. Dawkins, Judge

Kimberly C. Stover, Assistant Public Defender, for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Andy Chavez ("appellant") appeals his conviction for felony failure to appear, in

violation of Code § 19.2-128(B).  He argues the trial court erred in refusing his proposed jury

instruction, which included timely notice as an element of the offense.  He further contends the

trial court erred in finding the evidence sufficient to establish that he received timely notice of

the place and time to appear and that his failure to appear was willful.  For the reasons that

follow, we affirm the trial court's judgment.

I.  BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light

most favorable to the Commonwealth, the prevailing party in the trial court, and will accord the

Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'"

Sidney v. Commonwealth, 280 Va. 517, 520, 702 S.E.2d 124, 126 (2010) (quoting Murphy v.

Commonwealth, 264 Va. 568, 570, 570 S.E.2d 836, 837 (2002)).

On August 16, 2016, Detective Aloysius Asonglefac of the Alexandria Police Department arrested appellant for burglary and grand larceny. On August 25, appellant signed a document entitled "Pretrial Release Conditions," by which he acknowledged and agreed to abide by certain terms of release on bond. One condition required appellant "[t]o appear in court at 520 King Street, Alexandria, Virginia, on . . . 9/30/16 [at] 11:00 a.m.; and further appear at all times before any court or judge to which this case may be rescheduled, continued, transferred, certified or appealed."

Asonglefac testified that on September 30, 2016, in response to a subpoena, he went to the Alexandria General District Court "for that matter"—*i.e.*, appellant's burglary and grand larceny case. He stated that appellant was present in the company of his attorney and that the case was continued. Asonglefac testified that when he returned to court for the case on October 12, 2016, appellant's counsel was present but appellant was not.

Appellant was arrested and indicted for felony failure to appear, in violation of Code § 19.2-128(B). At trial, the Commonwealth introduced into evidence a copy of appellant's pretrial release form and copies of appellant's two felony arrest warrants. The burglary warrant included a space labelled "Hearing Date/Time," which contained the handwritten notation "9/30." The spaces immediately below contained the handwritten note "10/12/16-11 am set date or waiver." Below the October 12 date, the warrant was stamped with the words "Defendant failed to appear," followed by the handwritten notation "10/12." Handwritten initials appeared next to stamped text that read, "Judge." The grand larceny warrant also contained handwritten notes under "Hearing Date/Time," indicating hearing dates on "9/30" and "10/12."

At the conclusion of the Commonwealth's evidence, appellant moved to strike, and the trial court denied the motion. Appellant then proffered a jury instruction which stated, in pertinent part, that appellant

is charged with the crime of failure to appear in court. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

1) That [appellant] was charged with a felony offense; and
2) That [appellant] received timely notice of the date and time at which to appear; and
3) That [appellant] was required to appear on October 12, 2016 at 11:00 a.m. before the Alexandria General District Court; and
4) That [appellant] willfully failed to appear before the Alexandria General District Court.

The Commonwealth objected to the proffered instruction, arguing that its second element—timely notice—was not an element of felony failure to appear, as defined by Code § 19.2-128(B). Instead, the Commonwealth argued, timely notice was simply a factor that "goes to willfulness." Thus, timely notice was a matter for the fact finder to consider in determining whether the evidence proved that appellant willfully failed to appear. The trial court refused to give appellant's proffered instruction.

Appellant renewed his motion to strike, and the trial court denied the motion. The court then gave the Commonwealth's proffered instruction on the elements of felony failure to appear, which adopted the language of the relevant model jury instruction and was substantially similar to appellant's proffered instruction, except that it omitted timely notice as an element of the offense. See Model Jury Instrs.—Crim. No. G35.600. The court also gave the Commonwealth's proffered instruction on willfulness, which provided that "'Willful' means that the act must have been done 'purposely, intentionally, or designedly.'"

The jury convicted appellant of felony failure to appear, in violation of Code § 19.2-128(B), and recommended a fine which the trial court duly imposed. Appellant filed a motion to set aside the verdict, which the trial court denied after a hearing on the matter. This appeal followed.

## II. ANALYSIS

Appellant argues the trial court erred in refusing to give his proffered jury instruction, which included timely notice as an element of the offense of felony failure to appear. He also argues the trial court erred in denying his motions to strike the evidence and set aside the verdict, where the evidence was insufficient to prove that he received timely notice of the place and time to appear or that his failure to appear was willful. We address these arguments in turn.

### A. Appellant's Jury Instruction

"A trial court's decision whether to grant or refuse a proposed jury instruction is generally subject to appellate review for abuse of discretion." Howsare v. Commonwealth, 293 Va. 439, 443, 799 S.E.2d 512, 514 (2017). In conducting such a review, "[o]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred." Du v. Commonwealth, 292 Va. 555, 564, 790 S.E.2d 493, 499 (2016) (quoting Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009)). The reviewing court's "responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Hilton v. Commonwealth, 293 Va. 293, 302, 797 S.E.2d 781, 786 (2017) (quoting Payne v. Commonwealth, 292 Va. 855, 869, 794 S.E.2d 577, 584 (2016)). "[N]o instruction should be given that incorrectly states the applicable law or which would be confusing or misleading to the jury." Bryant v. Commonwealth, 67 Va. App. 569, 582, 798 S.E.2d 459, 465 (2017) (quoting Mouberry v. Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003)). "[W]hether an instruction 'accurately states the relevant law is a question of law' that the appellate court reviews *de novo*." Banks v. Commonwealth, 67 Va. App. 273, 281, 795 S.E.2d 908, 912 (2017) (quoting Sarafin v. Commonwealth, 288 Va. 320, 325, 764 S.E.2d 71, 74 (2014)).

- 4 -

Code § 19.2-128(B) provides, in pertinent part, that "[a]ny person . . . charged with a felony offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." Thus, the plain language of the statute makes clear that in order to convict a defendant for felony failure to appear, the Commonwealth must prove that the defendant was charged with a felony, required to appear before a court, and willfully failed to appear as required. See Code § 19.2-128(B).

Appellant argues the trial court erred when it refused to give his proffered jury instruction, which stated that in order to convict him the Commonwealth was required to prove not only the above-referenced elements, but also "[t]hat [appellant] received timely notice of the date and time at which to appear." Appellant acknowledges that Code § 19.2-128(B) does not contain language requiring this additional element and that the relevant model jury instruction is also silent on timely notice. However, he contends that Thomas v. Commonwealth, 48 Va. App. 605, 663 S.E.2d 229 (2006), makes clear that timely notice is an element of the offense.

We first note that appellant is correct when he acknowledges that Code § 19.2-128(B) is silent on the matter of timely notice. We also note that our canons of statutory interpretation instruct us that while "penal statutes are to be strictly construed against the Commonwealth, courts are nevertheless bound by the plain meaning of unambiguous statutory language and 'may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated.'" Williams v. Commonwealth, 61 Va. App. 1, 6-7, 733 S.E.2d 124, 126 (2012) (quoting Gunn v. Commonwealth, 272 Va. 580, 587, 637 S.E.2d 324, 327 (2006)). Further, "[w]here bound by the plain meaning of the language used, we are not permitted 'to add or to subtract the words used in the statute.'" Id. at 7, 733 S.E.2d at 126 (quoting Coles v. Commonwealth, 44 Va. App. 549, 557, 605 S.E.2d 784, 788 (2004)). This guidance "flows from the principle that '[w]e must . . . assume . . . the legislature chose, with care, the words it used

when it enacted the relevant statute.'" Id. (alterations in original) (quoting Coles, 44 Va. App. at 558, 605 S.E.2d at 788). Thus, our interpretive principles "do[] not allow an appellate court to reword the plain meaning of [a] statute," because courts "'are not permitted to rewrite statutes. This is a legislative function.'" Id. at 8, 733 S.E.2d at 127 (quoting Supinger v. Stakes, 255 Va. 198, 206, 495 S.E.2d 813, 817 (1998)). The language of Code § 19.2-128(B) is plain and unambiguous, and does not include timely notice as an element of felony failure to appear—only willful failure to appear. Moreover, the General Assembly has demonstrated by its specific language in other statutory contexts that where it intends to include notice as an element of an offense, it will explicitly do so. Compare Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991) (reversing appellant's conviction for construction fraud, in part because the trial court omitted to instruct the jury that written notice was an element of the offense, where language in the relevant statute required that a request for the return of funds advanced be "sent by certified mail, return receipt requested"), with Williams v. Commonwealth, 43 Va. App. 1, 6 n.2, 595 S.E.2d 497, 499 n.2 (2004) (affirming appellant's conviction for election fraud and noting that while the relevant statute contained language requiring certain preprinted electoral documents to include criminal warnings, "the provision . . . relating to notice is *not* contained in the sentence in which the legislature set out the elements of the offense . . . , making clear [its] intent that notice is *not* an element of the crime . . ."). Here, the General Assembly did not elect to include language in Code § 19.2-128(B) making timely notice an element of the offense of felony failure to appear, and we will not rewrite the statute based upon this Court's holding in Thomas, as appellant's argument would require.

In Thomas, this Court reversed the defendant's conviction for felony failure to appear after concluding that "[i]n this case, [the defendant] could be found guilty of violating Code § 19.2-128 only if he 'received timely notice' of when and where he was supposed to appear for

court." Thomas, 48 Va. App. at 609, 633 S.E.2d at 231 (quoting Edmonds v. Commonwealth, 43 Va. App. 197, 200, 597 S.E.2d 210, 211 (2004)). The Court in Thomas relied upon its earlier decision in Edmonds, which itself relied upon Hunter v. Commonwealth, 15 Va. App. 717, 427 S.E.2d 197 (1993) (*en banc*), in making clear that questions of timely notice are examined within a larger context—*i.e.*, determining whether the evidence is sufficient to prove the element of willful failure to appear. See Edmonds, 43 Va. App. at 200, 597 S.E.2d at 211 (quoting and citing Hunter, 15 Va. App. at 721, 427 S.E.2d at 200). The Court in Hunter noted that "[a]ny failure to appear after notice of [an] appearance date" is "*prima facie* evidence that such failure to appear [was] willful." Hunter, 15 Va. App. at 721, 427 S.E.2d at 200 (second alteration in original) (quoting Trice v. United States, 525 A.2d 176, 179 (D.C. 1987)). Thus, "[w]hen the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or [at the] place specified, the fact finder may infer that the failure to appear was willful." Id.

We conclude that appellant misconstrues Thomas and that contrary to appellant's assertion, Thomas does not establish timely notice as an element of felony failure to appear. In that case, it was because the Commonwealth, to prove willfulness, relied solely upon evidence that the defendant received actual notice of when and where to appear, that this Court concluded he could be found guilty only if there were sufficient evidence of timely notice. However, Hunter makes clear that there are multiple means by which the Commonwealth may prove a defendant willfully failed to appear and that not all of those means rely upon an inference of willfulness derived from proof of timely notice. See Hunter, 15 Va. App. at 723, 427 S.E.2d at 201 (noting that willfulness can be proven by showing that a defendant purposefully engaged in a course of conduct designed to prevent him from receiving notice to appear). Thus, Thomas stands only for the proposition that under the particular facts of that case, the defendant could not

be convicted without proof of timely notice to support an inferential finding of willfulness. Indeed, this Court acknowledged as much, as it prefaced its statement by remarking that such a requirement pertained "[*i*]*n this case*." Thomas, 48 Va. App. at 609, 633 S.E.2d at 231 (emphasis added). As noted in Hunter, questions of timely notice are merely subsidiary inquiries that go to proof of the element of willfulness. See Hunter, 15 Va. App. at 721, 427 S.E.2d at 200. Stated differently, far from being an element of the offense of felony failure to appear, proof of timely notice simply provides a *prima facie* basis for finding that the element of willful failure to appear has been proven;[1] that is, timely notice is but one mechanism for proving willfulness.[2] Thus, Thomas does not support the proposition that proof of timely notice is required to convict in every case of felony failure to appear.

Appellant also argues that even if proof of timely notice is not a required element in every case alleging failure to appear, it was a required element under the particular facts of this case. Specifically, appellant contends that the Commonwealth offered no independent evidence that he willfully failed to appear. Since the Commonwealth instead relied entirely upon the inference of willfulness permitted by Hunter, it was required to prove he received timely notice in order to support that inference. Thus, appellant maintains, the trial court erroneously

---

[1] *Prima facie* evidence is "evidence which on its first appearance is sufficient to raise a presumption of fact or establish the fact in question unless rebutted." Commonwealth v. Dalton, 11 Va. App. 620, 623, 400 S.E.2d 801, 803 (1991) (quoting Babbitt v. Miller, 192 Va. 372, 379-80, 64 S.E.2d 718, 722 (1951)). See also Wilkerson v. Commonwealth, 33 Va. App. 808, 820, 537 S.E.2d 27, 33 (2000); Dooley v. Commonwealth, 198 Va. 32, 34, 92 S.E.2d 348, 350 (1956) (noting that "there are certain rules of evidence carried over from the common law making proof of one fact *prima facie* evidence of another").

[2] We note that in this context, the question of notice does not implicate due process concerns because the relevant inquiry is not whether an appellant has been denied an opportunity to be heard. Instead, it is whether, if an appellant received notice of such an opportunity, he then willfully failed to be present in court to avail himself of that opportunity.

instructed the jury when it failed to include the element of timely notice among the elements of felony failure to appear.

We find this argument without merit. As noted above, and as tacitly acknowledged by appellant's own argument, the question of timely notice simply goes to proof of the element of willfulness in certain cases alleging failure to appear. Timely notice is an ancillary consideration in proving an element of felony failure to appear, and not an element of that offense in its own right.[3]

Appellant's proffered jury instruction failed to accurately state the relevant law, as it included an element which is not required by the plain language of Code § 19.2-128(B), this Court's holding in Thomas, or the facts of this case. Thus, we conclude that the trial court did not abuse its discretion when it refused to give the instruction.

B. Sufficiency of the Evidence of Willful Failure to Appear[4]

"We review a challenge to the sufficiency of the evidence under well-settled legal principles. On appeal, this Court considers the evidence in the light most favorable to the Commonwealth, as the prevailing party below, granting to it all reasonable inferences that flow from the evidence." Banks, 67 Va. App. at 288, 795 S.E.2d at 915 (citing Clark v. Commonwealth, 279 Va. 636, 640, 691 S.E.2d 786, 788 (2010)). "Viewing the record through this evidentiary prism requires [the Court] to 'discard the evidence of the accused in conflict with

---

[3] We make no determination whether the trial court should have separately instructed the jury that evidence of actual notice can support an inference of willfulness, and simply note that no such instruction was proffered by appellant.

[4] Appellant assigns separate errors to the trial court for denying his motion to strike and to set aside the verdict, first, where the evidence was insufficient to prove that his failure to appear was willful, and second, where the evidence was insufficient to prove that he received timely notice of the place and time to appear. As noted above, whether there was timely notice is a subsidiary inquiry in determining whether there was sufficient evidence of willfulness in certain cases alleging failure to appear. Thus, we address appellant's second and third assignments of error together.

that of the Commonwealth.'" Id. (alteration in original) (quoting Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009)). If there is evidentiary support for the conviction, "the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Id. (alteration in original) (quoting Clark, 279 Va. at 641, 691 S.E.2d at 788). Thus, "[w]e will reverse a trial court's refusal to set aside a jury verdict only if that verdict was 'plainly wrong or without evidence to support it.'" Id. (quoting Code § 8.01-680). Ultimately, "[t]he . . . question on appellate review of a sufficiency challenge is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008)).

In order to convict a defendant for felony failure to appear, the Commonwealth is required to prove that he "willfully fail[ed] to appear." Code § 19.2-128(B); see also Bowling v. Commonwealth, 51 Va. App. 102, 105, 654 S.E.2d 354, 356 (2007). "'Willfully,' as used in Code § 19.2-128(B), has the customary meaning that the act must have been done 'purposely, intentionally, or designedly.'" Williams v. Commonwealth, 57 Va. App. 750, 763, 706 S.E.2d 530, 536 (2011) (quoting Hunter, 15 Va. App. at 721, 427 S.E.2d at 200). "[The] correct application [of willfully] in a particular case will generally depend upon the character of the act involved and the attending circumstances." Hunter, 15 Va. App. at 722, 427 S.E.2d at 200 (alterations in original) (quoting Lambert v. Commonwealth, 6 Va. App. 360, 363, 367 S.E.2d 745, 746 (1988)).

In Hunter, this Court noted that the Commonwealth may prove in numerous ways that a defendant's failure to appear was willful. Id. at 721-23, 427 S.E.2d at 200-01. First, as noted above, willfulness can be proven by showing that a defendant purposefully engaged in a course

of conduct designed to prevent him from receiving notice to appear. Id. at 723, 427 S.E.2d at 201. Also as noted above, any failure to appear after notice of an appearance date is *prima facie* evidence that the failure to appear was willful. Id. at 721, 427 S.E.2d at 200. Where the Commonwealth "proves that [a defendant] received timely notice of when and where to appear for trial and thereafter does not appear on the date or [at the] place specified, the fact finder may infer that the failure to appear was willful." Id. Further, where a defendant has been given notice of an original appearance date, that defendant "is charged with notice of those dates to which his or her case is expressly continued when such action is duly recorded in the order of the court." Id. at 722, 427 S.E.2d at 200. Also, "if the [defendant's] attorney had actual notice of the . . . [court] date, the fact finder may infer from that evidence that the [defendant] also had actual notice of the [court] date," because the "attorney-client relationship presumes that attorney and client, as servant and master, will communicate about all the important stages of the client's upcoming [court proceedings]." Id. at 722, 427 S.E.2d at 201.

Appellant argues the Commonwealth failed to adduce sufficient direct evidence that his failure to appear at the October 12, 2016 hearing was willful. Thus, the Commonwealth could prove willfulness only by showing that he received timely notice of the place and time at which he was required to appear in court. Appellant contends the evidence of such notice was insufficient, and relies upon Thomas to support his argument.

As noted above, this Court in Thomas reversed the defendant's conviction after concluding he could only have been found guilty if he had received timely notice of when and where to appear. Thomas, 48 Va. App. at 609, 633 S.E.2d 231. In that case, the defendant was tried in circuit court for felony failure to appear at a preliminary hearing in general district court, and moved to strike the evidence on the ground that the Commonwealth did not prove he had been informed of the hearing date. Id. at 606, 633 S.E.2d at 230. The Commonwealth's

- 11 -

evidence consisted of a deputy's testimony about events in general district court on an earlier occasion, when the deputy claimed both he and the defendant were present, and handwritten notes on the defendant's arrest warrant, which indicated a continuance to the date at issue. Id. at 606-07, 633 S.E.2d at 230. The circuit court denied the motion, relying on the warrant notations and its familiarity with the general district court's "standard procedure." Id. at 607-08, 633 S.E.2d at 231. That procedure, the court stated, would include notifying a defendant in "open court" of the date he had to reappear when his case was continued; not doing so would have been "contrary" to standard procedure. Id. In denying the motion, the circuit court held that it could "take cognizance of a standard procedure, that the standard procedure was followed." Id. at 607, 633 S.E.2d at 231. The court then instructed the jury that it could find the defendant guilty of failing to appear only if the defendant had "received timely notice of when and where to appear for a hearing," and then failed to appear "on the date or place specified" by the general district court. Id. at 608, 633 S.E.2d at 231. The jury convicted the defendant, who appealed to this Court. Id.

The Court in Thomas found that although the trial court took judicial notice of the general district court's "standard procedure," which included personally informing defendants of their continuance dates in open court, it took such notice outside the presence of the jury and without informing them of that procedure. Id. at 609, 633 S.E.2d at 232. Since the judicially noticed facts were of matters beyond the common knowledge and experience of the jurors, they could not be imputed to those jurors; thus, "[t]he failure to instruct the jurors on the 'standard procedure' of the general district court left them with only the testimony of the deputy sheriff and [a] notation on the arrest warrant" as evidence of actual notice. Id. at 609-10, 633 S.E.2d at 232. The Court concluded that such evidence, considered separately or together, was insufficient to prove actual notice. Id. at 610, 633 S.E.2d at 232. The deputy testified that he did not

- 12 -

"personally recall" whether the defendant in fact "had to go in front of the judge," and said that while he assumed this had occurred, he did not specifically remember it happening. Id. He also admitted he was uncertain whether the continuance date was given in open court and that he had simply assumed that just as he learned of the continuance date, so too the defendant had learned of it. Id. at 607, 633 S.E.2d at 230. In addition, the notation on the defendant's arrest warrant, although it indicated the continuance date, "said nothing about [the defendant] being informed of that date." Id. at 610, 633 S.E.2d at 232. Thus, the Court concluded, there was a "paucity of any evidence available to the jury, sitting as factfinder, from which a rational inference of actual notice could be drawn." Id.

Appellant argues that the facts of the instant case are like those in Thomas. First, he contends that like the deputy in Thomas, who testified that he saw the defendant in court on the day he allegedly received notice of his continuance date but could not recall whether the defendant actually appeared before the judge, Detective Asonglefac testified that appellant was in court but provided no testimony about when or if appellant appeared before the judge. Second, as in Thomas, there was no testimony as to how the continuance occurred—"only that it happened." Further, Asonglefac did not testify that appellant or his attorney actually received notice of the continuance date—"only that the case 'was continued.'" Also, with respect to appellant's arrest warrants, they contain "merely date notations scrawled down [their] side[s]" which do not prove that the case was continued. Consequently, appellant maintains, he cannot be charged with knowledge of a continuance date, and thus, as in Thomas, there was insufficient evidence of willful failure to appear.

We conclude the facts of the instant case are distinguishable from the facts of Thomas and that the evidence proved appellant willfully failed to appear in court as required on October 12, 2016. Detective Asonglefac testified that, in response to a subpoena, he was in Alexandria

General District Court on September 30, 2016 "for that matter"—*i.e.*, for appellant's burglary and grand larceny case. He further testified that appellant was also present, in the company of his attorney. Thus, unlike the deputy in <u>Thomas</u>, who testified only that he and the defendant were both in general district court on the date the defendant's case was supposedly continued, Asonglefac's testimony made clear that he, appellant, and appellant's counsel were all present in court that day for a common, specific purpose. Asonglefac also testified that the case was continued and, unlike the deputy in <u>Thomas</u>, that he "return[ed] to court again for that . . . matter." On that occasion—October 12, 2016—while appellant was absent, his counsel was present. This evidence supports the finding that the October 12 continuance date was clearly communicated to Asonglefac, appellant's attorney, and appellant at the earlier court proceeding on September 30. The handwritten date "10/12" on both of appellant's arrest warrants, located immediately below the handwritten date "9/30," also tends to prove that when Asonglefac, appellant, and appellant's attorney were in court on September 30 "for that matter"—appellant's burglary and grand larceny case—a continuance date of October 12 was set and communicated to all three parties. Thus, unlike the evidence in <u>Thomas</u>, the evidence in the instant case supports both the finding that appellant had actual personal notice of the October 12 hearing date and that his attorney had actual knowledge of that hearing date which the jury could reasonably infer was communicated to appellant. Both these grounds for finding that appellant received timely notice of when and where he was to appear in court provided the jury with a sufficient basis to conclude that his failure to appear was in fact willful, and thus to support appellant's conviction for felony failure to appear, in violation of Code § 19.2-128(B). Consequently, we find no error in the trial court's denial of appellant's motions to strike the evidence and set aside the verdict.

## III. CONCLUSION

For the foregoing reasons, we find no error by the trial court in refusing to give appellant's proffered jury instruction or denying appellant's motions to strike the evidence and set aside the verdict. Consequently, we affirm the judgment of the trial court.

<u>Affirmed.</u>