UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Ortiz and Lorish
Argued by videoconference


TYRION JAMES BROWN

MEMORANDUM OPINION* BY
v.       Record No. 0014-22-1          JUDGE DANIEL E. ORTIZ
JANUARY 17, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Leslie L. Lilley, Judge

John S. Koehler (Justin A. Steele; The Law Office of James Steele,
PLLC, on brief), for appellant.

Mason D. Williams, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Tyrion James Brown appeals his conviction for racing in a manner that showed reckless

disregard for human life and resulted in serious bodily injury, in violation of Code § 46.2-865.1.

He argues that the evidence was insufficient to show that he participated in a race, showed

reckless disregard for human life, and caused the accident. We disagree and affirm.

BACKGROUND

In the early morning of March 1, 2020, Brown drove to a night club in Virginia Beach

with four individuals, heading northbound on Independence Boulevard. Brown drove one car

with John McCain as a passenger. Jerald Pope drove another car with two passengers. Brown

pulled next to Pope at a red stoplight at Independence Boulevard and Broad Street. Virginia

Beach Police Officer C.K. Daley testified Brown told him that they "were messing around" and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"having a good time" and "that [Brown's] window was possibly down, [and] the music was playing."

When the light turned green, Brown and Pope both "accelerated rapidly." Brown pulled in front of Pope. Pope passed Brown after about ten seconds.[1] Brown attempted to keep up.[2] Pope then crashed into another vehicle as it turned across Independence Boulevard. Brown stopped his car at the scene of the accident about two seconds later. The parties stipulated that the other driver suffered serious bodily injury.

Brown told Daley that he thought he was going about fifty miles per hour at the time of the crash and that he never went over sixty miles per hour. Brown admitted that he did not look at his speedometer. He estimated that Pope was going the same speed, as he "was less than a car length" behind Pope. Brown saw the victim's car in time to apply the brakes and come to a complete stop. He told Daley that he and Pope were friends, had driven together before, and had reached higher speeds together on the interstate. He denied that they were racing.

The speed limit on Independence Boulevard is forty-five miles per hour. Crash data retrieved from Pope's vehicle indicates that Pope was going ninety-two miles per hour five seconds before the crash and eighty-one miles per hour at the time of the crash. Pope braked 0.8 seconds before impact. It is 2,327.8 feet from the Broad Street intersection to the scene of the accident. Traffic cameras indicate that Brown travelled from the intersection to the crash site in

---

[1] The evidence showed that Pope passed Brown about halfway between the intersection and crash site and that it took Brown approximately twenty seconds to travel that distance.

[2] Daley testified that Brown stated he accelerated when Pope accelerated. On cross-examination, Daley testified that, after making that statement, Brown stated that "we weren't accelerating at that point [(referring to when Pope passed Brown)]. We was slowing down."

only twenty seconds. Daley testified that Brown would have been 612 feet from the intersection if he had been traveling the speed limit.

McCain testified that Brown did not roll down his window or exchange words with Pope at the stoplight. He testified that Brown slowed down and allowed Pope to pass him, that four or five car lengths separated Brown and Pope at the time of the collision, and that Brown drove about fifty miles per hour.

The trial court found Brown guilty and sentenced him to two years' imprisonment with one year and six months suspended. It found that Brown's recollection and McCain's testimony were not credible and that the circumstances demonstrated that Brown and Pope were racing. It further found that driving over twice the legal speed limit in a residential area was gross, wanton, and culpable conduct showing a reckless disregard for human life. Brown appealed.

## STANDARD OF REVIEW

We consider the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018)).

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support

for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

## ANALYSIS

Although Brown asserts that his conviction under Code § 46.2-865.1 is error because the evidence does not sufficiently show that he raced Pope, acted with reckless disregard for human life, or caused Pope to crash into another vehicle, we disagree and affirm.

### A. Sufficient evidence supports the finding that Brown participated in a race.

This Court has defined a "race" under Code §§ 46.2-865 and 46.2-865.1 as "a contest of speed between two or more motor vehicles." *Doggett v. Commonwealth*, 66 Va. App. 219, 226 (2016). In *Doggett*, we upheld the trial court's conclusion that a race occurred when the defendant and the other driver knew each other, the vehicles stopped next to each other at a stoplight, the other driver made a forward motion with his hand, the accident occurred at a high rate of speed, and the two vehicles "made maneuvers" to pass each other. *Id.*

Brown argues that the court erred in concluding that he had engaged in a race because "two factors" from *Doggett* are not present in this case. Specifically, Brown states that he and Pope did not make hand motions indicating an intent to race and that he did not attempt to pass after Pope pulled ahead. But *Doggett* does not provide a rigid test nor suggest that every factor noted by this Court must be present for a race to occur. Here, there was sufficient evidence for a reasonable fact finder to conclude that Brown had engaged in a race.

It is not contested that Brown and Pope knew each other. Although we agree that "messing around" at a stoplight is far more ambiguous than the forward hand motion in *Doggett*, the parties' subsequent actions nevertheless express an intent to race. Brown and Pope "both

- 4 -

accelerated rapidly" when the light turned green. Brown pulled ahead of Pope, and Pope passed Brown after about ten seconds. Brown told Daley that he accelerated when Pope accelerated, indicating an intent to race. Although Brown told Daley that they began slowing down at some point, the crash data shows that this did not occur until mere seconds before the collision. Specifically, the crash report shows that Pope was traveling ninety-two miles per hour seconds before the crash and eighty-one miles per hour at the time of the impact. Brown admitted that he was only one car length behind Pope and estimated that they were going the same speed.[3] Finally, the trial court found that Brown was traveling over twice the speed limit. This finding is supported by the totality of the evidence.

Although Brown argues that there is no evidence that he attempted to pass Pope after being overtaken, the record supports a contrary finding. Brown pulled alongside Pope at a stoplight and accelerated quickly ahead of him. Both vehicles were traveling at an extreme rate of speed. Finally, the race ended only seconds after Pope passed Brown—stopping when Pope crashed into the other vehicle—leaving little time for Brown to overtake Pope again.[4] As such, a reasonable fact finder could conclude that Brown and Pope participated in a race.

B. Sufficient evidence supports the finding that Brown acted with reckless disregard for human life.

Under Code § 46.2-865.1, a defendant must have engaged in a race in "a manner so gross, wanton and culpable as to show a reckless disregard for human life." Code § 46.2-865.1.

_____

[3] The trial court found McCain's testimony incredible. But even if the court accepted McCain's testimony that Brown was four or five car lengths behind Pope, this distance would not support a finding that Brown was traveling thirty to forty miles per hour slower than Pope.

[4] It is possible that Brown could have showed that he did not participate in a race if Pope had passed him farther from the accident site. But here, Pope passed Brown only mere seconds and approximately 1000 feet before crashing. As such, given the totality of the circumstances, a reasonable fact finder could conclude that Brown intended to try to overtake Pope again.

We analyze this element in the same manner as criminal negligence in involuntary manslaughter cases. *Doggett*, 66 Va. App. at 226 n.3. In doing so, we consider whether the defendant had a "conscious awareness of the risk of injury created by his conduct" or whether "a person of ordinary prudence would have known the risk." *Keech v. Commonwealth*, 9 Va. App. 272, 278 (1989). In other words, we ask whether the defendant "had an actual or constructive consciousness of the danger involved in his act or omission." *Doggett*, 66 Va. App. at 227.

Here, a reasonable fact finder could conclude that an ordinarily prudent person would have known that racing another at speeds of eighty or ninety miles per hour in a forty-five mile per hour zone posed a risk of serious injury to the race participants and other drivers. Brown's argument that he was able to safely stop misses the mark. Brown's actions in racing Pope contributed to Pope's inability to avoid the other driver. Moreover, Brown's high rate of speed alone posed a high degree of risk that *he* would collide with somebody or something, even if that risk was not actualized in this specific case. As such, sufficient evidence supports the finding that Brown acted with reckless disregard for human life under Code § 46.2-865.1.

      C. Sufficient evidence supports the finding that Brown's actions were a proximate cause of the collision.

Finally, Brown argues that the trial court erred in finding that he proximately caused the crash.[5] In *Doggett*, the defendant argued that he did not proximately cause the accident because the other driver lost control and was at fault. *Doggett*, 66 Va. App. at 227. We rejected this claim, finding that the other driver's racing "d[id] not absolve [the defendant] from his own voluntary participation in the race and in extremely dangerous behavior." *Id.* at 229. Because it was "completely foreseeable" that one of the racers would crash into another vehicle, the defendant's decision to participate in the race proximately caused the accident. *Id.* Similarly, in

---

[5] Brown's closing argument sufficiently preserved this issue for appeal. *See* Rule 5A:18.

*O'Connell v. Commonwealth*, 48 Va. App. 719, 723-24, 732 (2006), we affirmed the circuit court's determination that the defendant proximately caused the death of another driver when he challenged another driver to a race and the other driver lost control and crashed. We concluded that, "[g]iven this evidence, an average person should or would have foreseen the inherent risk that a driver could lose control during the race, posing a danger of serious injury to himself and others." *Id.* at 732.

The same is true here. Brown and Pope decided to race at eighty or ninety miles per hour in a forty-five mile per hour zone. At such speed, it was foreseeable that one of the racers would be unable to avoid other vehicles or would otherwise lose control. Although Pope, not Brown, ultimately crashed, a reasonable fact finder could conclude that Brown's decision to race Pope proximately caused the accident. Accordingly, sufficient evidence supports Brown's conviction.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed*.