COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Raphael
Argued at Norfolk, Virginia

UNPUBLISHED

DARYL WAYNE HOGG

v.      Record No. 1416-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE STUART A. RAPHAEL
JANUARY 23, 2024

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge

Jeffrey R. Ambrose (Law Office of Jeffrey R. Ambrose, on brief),
for appellant.

Jason D. Reed, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Daryl Wayne Hogg appeals his felony conviction for failing to appear in court (Code

§ 19.2-128(B)), arguing that the Commonwealth did not prove that his failure to appear was

willful. Because the evidence supported the trial court's finding that Hogg willfully failed to

appear, we affirm the conviction.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard"

the defendant's evidence when it conflicts with the Commonwealth's evidence, "regard as true

all the credible evidence favorable to the Commonwealth," and read "all fair inferences" in the

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Commonwealth's favor. *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Hogg was summoned to appear in general district court on February 11, 2019, to answer charges of possession of heroin and aiding prostitution. After he failed to appear that day,[1] Hogg was indicted under Code § 19.2-128(B) for felony failure to appear. Trial on all charges took place in the circuit court on June 11, 2021. The trial court granted Hogg's motion to strike the prostitution charges and two of the possession charges, but it denied his motion to strike the failure-to-appear charge and the remaining possession charge.

Testifying in his own defense, Hogg said that he failed to appear at his 2019 court date because he is "disabled." He claimed that the medications he was taking "got [him] mixed up in [his] days." Hogg said that he went to the courthouse one day later, believing it to be his court date. When he appeared at the courthouse, Hogg was arrested and jailed for two months.

On cross-examination, Hogg characterized his failure to appear as an "honest mistake." Hogg explained that his "disability" was a damaged nerve in his right shoulder, for which he takes prescription medications. Hogg said that the medication "kind of puts you under to where, you know, you're not very focused and clear on things." He said he is not supposed to drive when he takes his medication and "that [was the] reason" he missed court. Hogg claimed that he would not have gone to court the next day if his failure to appear were intentional.

In response to the trial court's questions, Hogg testified that he was taking Gabapentin, Cyclobenzaprine, and other pain medications in February 2019, as well as medications for high blood pressure and a "prediabetes diagnosis." When Hogg said he was still "on the pain medication," the trial court noted that Hogg seemed "together" and "very capable of articulating

---

[1] The trial court took judicial notice of the general district court's notation that Hogg was not present on the February 2019 appearance date.

[him]self and professing [his] innocence." Hogg responded that he had "been able to manage it" by "tak[ing] a little [of] this here, this there." He did not take "all [his] medicine" the day of trial, he said, because he "didn't want to be incoherent and slow to think." Hogg added that his "primary physician" had advised him not to take all of his medication, and to regulate it himself. Hogg said that his physician recently "readjusted" some of his medications "so that it wouldn't be in abundance."

The trial court found Hogg guilty of failing to appear.[2] The court concluded that the Commonwealth had met its burden to show that Hogg had received timely notice to appear but failed to do so. The trial court also found that Hogg's excuse was not credible, noting that his "story just ke[pt] evolving." The court sentenced Hogg to 12 months' incarceration, with 11 months suspended.

Hogg appeals, arguing that the Commonwealth failed to prove that his failure to appear was willful.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The relevant issue on appeal is, 'upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Lambert v. Commonwealth*, 298 Va. 510, 515 (2020) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the

---

[2] The court acquitted Hogg of the remaining possession charge.

- 3 -

conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Under Code § 19.2-128(B), "[a]ny person . . . charged with a felony offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." Hogg concedes that he did not appear in court as required on February 11, 2019. He contends only that the evidence was insufficient to prove that he willfully failed to appear. We are not persuaded.

The term "willfully" in Code § 19.2-128(B) "'has the customary meaning that the act must have been done "purposely, intentionally, or designedly."'" *Chavez*, 69 Va. App at 162 (quoting *Williams v. Commonwealth*, 57 Va. App. 750, 763 (2011)). "[The] correct application [of willfully] in a particular case will generally depend upon the character of the act involved and the attending circumstances." *Id.* (quoting *Hunter v. Commonwealth*, 15 Va. App. 717, 722 (1993) (en banc)).[3] While the Commonwealth need not prove that the defendant had timely notice of the requirement to appear, "proof of timely notice . . . provides a *prima facie* basis for finding that the element of willful failure to appear has been proven." *Id.* at 159; *Wallace v. Commonwealth*, 76 Va. App. 696, 711 (2023) (finding prima facie evidence of a willful failure to appear when the defendant signed a continuance order specifying the appearance date), *aff'd in part on other grounds*, ___ Va. App. ___, ___ (Jan. 23, 2024) (en banc). [4]

Hogg testified that he failed to appear because his medication caused him to "mix[] up" his days and come to court one day late. A rational factfinder could thus conclude that Hogg had timely notice of when he needed to appear. Timely notice constitutes "a prima facie basis for

---

[3] There is no requirement, however, that the Commonwealth show that the defendant "game[d] the system" or had an "insidious intent," as Hogg suggested at oral argument.

[4] The Court granted the Commonwealth's petition for rehearing en banc in *Wallace* to reconsider whether the trial court erred in convicting the defendant on the computer-fraud charges. *Wallace*, ___ Va. App. at ___. The panel's decision affirming the failure-to-appear conviction was not at issue. *Id*. at ___.

finding" that he willfully failed to appear. *Chavez*, 69 Va. App. at 159; *Wallace*, 76 Va. App. at 711.

Hogg failed to rebut that prima facie showing. The trial court rejected Hogg's excuse that his failure to appear was an honest mistake, explaining that the court "[does not] find him to be credible." The court noted that Hogg was taking the same medications at trial that he said had caused him to miss his original court date. The trial court also observed that Hogg's "story just ke[pt] evolving." The trial court could properly conclude that Hogg was lying "to conceal his guilt," *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019), and that Hogg had failed to negate the Commonwealth's prima facie showing that Hogg had willfully failed to appear.

CONCLUSION

The evidence sufficed to prove beyond a reasonable doubt that Hogg violated Code § 19.2-128(B) by willfully failing to appear in court.

*Affirmed.*