COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge O'Brien and Senior Judge Humphreys

HE JIE, SOMETIMES KNOWN AS
 JIE HE

MEMORANDUM OPINION[*]
v.      Record No. 2105-23-2                                      PER CURIAM
                                                                 MAY 20, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Edward A. Robbins, Jr., Judge

(A. Russell Watson; Gordon, Dodson, Gordon & Rowlett, on
brief), for appellant.

(Jason S. Miyares, Attorney General; Allison Mentch, Assistant
Attorney General, on brief), for appellee.


He Jie (appellant) was convicted of felony failure to appear under Code § 19.2-128(B).

On appeal, appellant challenges her conviction, contending that her testimony rebutted the

Commonwealth's prima facie case that she willfully failed to appear at a scheduled hearing.

After examining the briefs and record, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

For the following reasons, we affirm the conviction.

BACKGROUND

On July 17, 2017, appellant was indicted for two felonies: attempted possession with intent

to distribute tax-paid cigarettes and conspiracy to commit a felony. The circuit court issued a

capias, and appellant was arrested on November 14, 2017. Appellant, who lived in New York, was

released on bail and ordered to appear in court on November 21. She signed a recognizance form

---

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

promising "to appear in court on the date and time noted above [November 21, 2017]" and acknowledging that "failure to appear [was] a separate crime" and she could be arrested for violating conditions of her release.

Appellant came to court on November 21, and Judge Lynn Brice appointed an attorney—who was present in the courtroom—to represent her. The court set a hearing date of December 12. The court-appointed attorney returned on December 12, but appellant failed to appear. The court continued the case to February 23, 2018 and ordered that if appellant was not present on that date, it would "issue process for [her] failure to appear." The court also ordered a Mandarin Chinese interpreter to be present at the February hearing. Only the court-appointed attorney and the interpreter appeared at the scheduled February hearing. Accordingly, the court issued a capias for appellant's arrest.

On March 19, 2018, appellant was indicted for failure to appear at the December 12, 2017 hearing, and another capias was issued. Appellant turned herself in on October 10, 2023.

At a bench trial, appellant appeared with a retained attorney and an interpreter, and she pleaded not guilty. The Commonwealth introduced exhibits documenting the various incidents—beginning with appellant's July 17, 2017 indictments for the underlying felonies and culminating with her failure to appear on February 23, 2018, and the court's issuance of a capias for her arrest. The court denied appellant's motion to strike and noted that both appellant and her court-appointed attorney had been present in court on November 21, 2017, when the case was continued to December 12.

Through her interpreter, appellant testified that she was born in China and did not speak or read English; Mandarin Chinese was her native language. She stated that she lived in New York in 2017 but had traveled back to Virginia and for "[s]ix or seven" court appearances. Appellant asserted that she "received a card every time and then [she] would input [the information] into a[n]

- 2 -

application called QQ that [she] was using, a[n] e-mail." She testified that the application stopped working, so she called an attorney, but no one called back. Appellant was uncertain whether the attorney she tried calling was the court-appointed one. Appellant also stated twice that she "never" appeared before a female judge.

Appellant explained her failure to appear at the December 12, 2017 hearing: "I forgot about the specific date completely because I saw the date in the application, QQ, but I could not log into that application anymore, and I called my lawyer's office multiple times, but I never got a response." Appellant testified that she did not intentionally miss that court date and she "talked to many lawyers between 2020 to this year [but had] been lied to many times." Appellant did not "recall clearly" whether an interpreter had been present in court when she previously appeared but said she would not have understood the proceedings without one.

Appellant acknowledged that she had been married for seven years to an English-speaking American and had no difficulty understanding phone numbers when she called various lawyers. Appellant admitted that she was in court on November 21, 2017 and met with her court-appointed lawyer. She testified that she did not remember "how many times [she] came" to court.

At the conclusion of the case, the court held that the Commonwealth had presented a prima facie case of guilt. The court found that appellant's inability to answer certain questions resulted from "lapses in memory," which undercut her "profess[ed ability] to remember things that happened around the same time." Additionally, the court observed that during the trial appellant had answered some of defense counsel's questions before the interpreter translated them.[1] That indication of understanding, coupled with her living in New York many years with an English-speaking spouse, was evidence that although appellant's "English may be deficient, . . . the

---

[1] In its closing argument the Commonwealth similarly stated that "there were a couple of times that she started to speak before [the prosecutor] actually finished."

- 3 -

notion that it's nonexistent is belied by what the [c]ourt observed." The court further noted that Judge Lynn Brice, who signed the order appointing counsel on November 21, 2017 and setting the case for December 12, was the only female judge on the circuit court bench. Appellant's testimony that she had never appeared before a female judge, whether "a deliberate lie [or] an innocent mistake, [was] clearly inaccurate," which affected the court's assessment of her credibility. In sum, the court concluded that it could not "put any significant weight at all to [appellant]'s testimony as to the events as they unfolded" and convicted her.

ANALYSIS

On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard requires us to "discard the evidence of the accused in conflict with that of the Commonwealth[] and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)). "This deferential principle applies not only to 'matters of witness credibility' but also to the factfinder's 'interpretation of all of the evidence . . . ' presented at trial." *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (quoting *Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022)).

Appellant was convicted of violating Code § 19.2-128(B), which provides that "[a]ny person . . . charged with a felony offense . . . who willfully fails to appear before any court as required is guilty of a Class 6 felony." A conviction thus requires three elements of proof: "that the defendant was charged with a felony, required to appear before a court, and willfully failed to appear as required." *Chavez v. Commonwealth*, 69 Va. App. 149, 156 (2018). "When a criminal offense consists of an act and a particular *mens rea*, both the act and *mens rea* are independent and necessary elements of the crime that the Commonwealth must prove beyond a reasonable doubt."

- 4 -

*Hunter v. Commonwealth*, 15 Va. App. 717, 721 (1993). "'Willfully,' as used in Code § 19.2-128(B), has the customary meaning that the act must have been done 'purposely, intentionally, or designedly.'" *Id.* Here, the only contested issue is whether appellant willfully failed to appear at the scheduled December 12, 2017 hearing on her pending felony charges.

"'Any failure to appear after notice of the appearance date [is] *prima facie* evidence that such failure to appear [was] willful.'" *Id.* (alterations in original) (quoting *Trice v. United States*, 525 A.2d 176, 179 (D.C. 1987)). "Timely notice is an ancillary consideration in proving an element of felony failure to appear[] and not an element of that offense in its own right." *Chavez*, 69 Va. App. at 160. In *Hunter,* we delineated the various circumstances that may support a finding of willfulness. First, a defendant "who is given notice of the original trial date is charged with notice of those dates to which his or her case is expressly continued when such action is duly recorded in the order of the court." *Hunter*, 15 Va. App. at 722. Further, in light of the "attorney-client relationship [that] presumes that attorney and client, as servant and master, will communicate about all the important stages of the client's upcoming trial[, n]otice to [the] attorney of record . . . is evidence that the notice was given to [the defendant]." *Id.* Finally, the Commonwealth may prove willfulness by evidence "that the defendant 'purposefully engaged in a course of conduct designed to prevent him from receiving . . . notice to appear.'" *Id.* at 723 (alteration in original) (quoting *State v. Hoskins*, 401 A.2d 619, 624 (Conn. Super. Ct. 1978)).

Appellant concedes that the Commonwealth presented a prima facie case of willful failure to appear. The record supports her concession. On November 14, 2017, appellant signed a recognizance form that set the next court date for November 21, 2017. Appellant promised "to appear in court on the date and time noted above" and represented her understanding that she could be arrested if she failed to obey the conditions listed in the form. On November 21, 2017, appellant did appear and signed the form requesting appointment of a lawyer. The court appointed an

attorney who was present in the courtroom and set the next hearing date for December 12. Appellant did not appear on December 12. Accordingly, the court correctly found that the Commonwealth had proven a prima facie case. *See Hunter*, 15 Va. App. at 721.

The dispositive issue is whether appellant's testimony explaining her failure to appear at the December 12, 2017 hearing was credible and thus sufficient to overcome the prima facie evidence of guilt.[2] Although appellant relies on her own trial testimony to rebut the willfulness element, she does not challenge the court's finding of fact that she was not credible or the reasons underlying that finding. "Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Welch v. Commonwealth*, 79 Va. App. 760, 767 (2024) (alterations in original) (quoting *Dalton v. Commonwealth*, 64 Va. App. 512, 526 (2015)).

Further, a court is not required to accept a defendant's explanation for his or her failure to appear. *See Chavez*, 69 Va. App. at 165-66. In *Chavez*, the defendant argued that, even assuming he was in court when a new hearing date was set, no one actually informed him of that new date. *Id.* at 163, 165. Rejecting that argument, we found sufficient evidence of timely notice based in part on the fact that the defendant, as well as his attorney and a police detective, were present when the matter was continued, and both the attorney and detective appeared on the continued date. *Id.* at 165. From this, the trier of fact could conclude that the hearing date was "clearly communicated" to the defendant, his attorney, and the detective and, further, that the attorney "had actual knowledge of th[e] hearing date which . . . was communicated to" the defendant. *Id.* at 165-66.

---

[2] "*Prima facie* evidence is 'evidence [that] on its first appearance is sufficient to raise a presumption of fact or establish the fact in question unless rebutted.'" *Chavez*, 69 Va. App. at 159 n.1 (quoting *Commonwealth v. Dalton*, 11 Va. App. 620, 623 (1991)); *see also Williams v. Commonwealth*, 57 Va. App. 750, 764 (2011) (finding sufficient evidence of willfulness where defendant presented no evidence to rebut prima facie proof thereof).

Although appellant relies heavily on her unfamiliarity with English and the American judicial system, the court found, based on her demeanor in court and her seven-year marriage to an English-speaker, that she had at least some "rudimentary knowledge" of English. Further, appellant admitted that she had come to court six or seven times before the December 12, 2017 hearing, had no difficulty understanding numbers, and had made numerous calls to attorneys. The court also noted appellant's inability to recall certain incidents, while also claiming "to remember things that happened around the same time." In particular, the court noted appellant's insistence that she had never appeared before a female judge, something that the exhibits plainly disproved. The court could regard appellant's discredited trial testimony as lying "to conceal h[er] guilt." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019).

Considering all the evidence in the light most favorable to the Commonwealth, we hold that the court reasonably rejected appellant's exculpatory account and properly convicted her of failure to appear under Code § 19.2-128(B).

CONCLUSION

For these reasons, we affirm the court's judgment.

*Affirmed.*