UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Frucci

DERICK O. RAMSEY, JR., S/K/A
  DERRICK O. RAMSEY, JR.
                                                    MEMORANDUM OPINION*
v.        Record No. 1093-24-2                            PER CURIAM
                                                       OCTOBER 7, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Joseph M. Teefey, Jr., Judge[1]

(Sante John Piracci, on brief), for appellant. Appellant submitting
on brief.

(Jason S. Miyares, Attorney General; Allison M. Mentch, Assistant
Attorney General, on brief), for appellee.


A jury convicted Derick O. Ramsey, Jr. of misdemeanor reckless handling of a firearm,

discharging a firearm in a public place, and unlawful wounding. The trial court imposed a total

active sentence of two years and two months for the convictions. On appeal, Ramsey challenges

the sufficiency of the evidence proving his guilt. Having examined the briefs and record in this

case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is

wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Although Judge Teefey entered the final sentencing order, Judge Dennis M. Martin, Sr.
presided over the trial in this case.

BACKGROUND[2]

Ramsey, Markeisha Jones, and their two children[3] were having dinner at Jones's mother's apartment. Jones received a phone call and text message from Daquann Stith, who wanted to "meet up" with her. Jones agreed to meet Stith at a nearby park. Jones left the apartment and drove to the park, where Stith arrived a short time later. He and Jones got out of their respective cars and talked. Stith's adult-age nephew was also present, but he stayed in the car.

Twenty minutes later, Ramsey approached on foot and said, "So this is what you're doing." Ramsey pulled out a gun and immediately started firing at Stith. One bullet grazed Stith's head.[4] Ramsey then fired into the side of Stith's car, and Stith's nephew sped away. Jones "tried to pull [Ramsey] away" as Stith ran into the woods. Ramsey fled.

Jones drove around the park looking for Stith and called the police, who arrived shortly thereafter. Officer Matthew Fritts gathered five bullet casings, which were all determined to have been fired from the same weapon. The firearm itself was never recovered. Based on Jones's identification of Ramsey to police that night, he was subsequently arrested.

At trial, Jones identified Ramsey as the shooter. Describing the encounter, Jones said that Ramsey was "facing" her and Stith and that she was standing about an "arm's length" from Ramsey. Stith testified that he could not see the shooter because it was dark out and the shooter's

---

[2] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and we regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

[3] Ramsey and Jones have two children together but were "not involved in a relationship" at the time of the incident.

[4] Stith received stitches from the wound, which left a visible one-inch scar on his head.

face was partially covered by a hood.  The jury convicted Ramsey of recklessly handling a firearm, discharging a firearm in public, and unlawful wounding.

ANALYSIS

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024).  "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680).

The only relevant question for this Court on appeal "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)).  "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Ramsey challenges the sufficiency of the evidence to sustain his convictions.  He relies on Stith's inability to affirmatively identify him as the shooter.  He also dismisses Jones's testimony as unreliable.  Jones testified that she did not follow Stith into the woods because she could not see, which Ramsey asserts was inconsistent with prior statements she made to police.  Ramsey alleges that Jones told the police that she was reluctant to follow Stith into the woods because she did not want Stith to think she was involved in the shooting.  Ramsey also asserts that his "contentious relationship" with Jones demonstrates a motive to fabricate.

"[T]he credibility of witnesses and the weight to be given to their testimony are questions exclusively for the jury." *Bailey v. Commonwealth*, 78 Va. App. 650, 666 (2023) (quoting *Johnson v. Commonwealth*, 224 Va. 525, 528 (1982)). "This Court will only disturb a jury's credibility determination when the witness's 'testimony is inherently incredible.'" *Id.* (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Id.* at 667 (quoting *Juniper*, 271 Va. at 415).

The Commonwealth must prove beyond a reasonable doubt the identity of the accused as the perpetrator of a crime. *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013). When evaluating the reliability of a witness's identification, "this Court looks to the totality of the circumstances." *Id.* Factors for consideration include the witness's opportunity to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description, the witness's level of certainty, and the length of time between the crime and the identification to police. *Id.*; *see also Neil v. Biggers*, 409 U.S. 188, 199-00 (1972).

Ramsey's assertion that "the victim said he was 'pretty sure' the defendant did not shoot him" mischaracterizes Stith's testimony. Stith did not know Ramsey and had never seen him before the shooting. When the prosecutor asked Stith to clarify his testimony that he was "pretty sure" Ramsey was not the shooter, Stith replied that he "could not see [Ramsey's] face" and therefore Stith "wouldn't know" whether it was Ramsey. Regardless, the conviction may be based solely on Jones's identification of Ramsey because the "uncorroborated testimony of one witness may be sufficient to sustain a verdict," as long as the testimony is not inherently incredible. *Bryant v. Commonwealth*, 10 Va. App. 421, 427 (1990) (quoting *United States v. Arrington*, 719 F.2d 701, 705 (4th Cir. 1983)).

Jones and Ramsey had a prior relationship and children together, resulting in a level of familiarity that enabled Jones to identify Ramsey with certainty. When Ramsey spoke to Jones, he was a mere "arm's length" away, which provided her ample opportunity to see and hear him. Although it was nighttime, Jones testified that an overhead park light was on "in the distance" and light was emanating from the cars. Jones's attention was focused on the events unfolding in front of her. The temporal proximity between the shooting and Jones's identification of Ramsey to police was not long—she reported him that night. In sum, the totality of the circumstances supports the reliability of Jones's identification. *Cuffee*, 61 Va. App. at 364.

Any inconsistencies within Jones's testimony, or alleged motives to fabricate, go only to the jury's determination on credibility, "a matter within its sound discretion." *Id.* at 366; *see also* Va. R. Evid. 2:607(a)(viii). We presume "that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution." *Shahan v. Commonwealth*, 76 Va. App. 246, 259 (2022). Nothing about Jones's testimony was "so contrary to human experience as to render it unworthy of belief." *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019) (quoting *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011)). Her identification of Ramsey as the shooter was sufficient to sustain the jury's verdict. *See Bryant*, 10 Va. App. at 427.

CONCLUSION

For these reasons, we affirm the court's judgment.

*Affirmed.*